PEOPLE ex rel. MARTIN v. SCULLY, City Clerk.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

1. MUNICIPAL CORPORATIONS—MANDAMUS—CIVIL SERVICE—CLASSIFIED SERVICE —CLERK OF BOARD OF ALDERMEN.

Laws 1899, c. 370, § 8, provides that the unclassified service of each of the cities in the state shall comprise all legislative officers and employés. Rule 42 of the civil service commission prohibits the removal of any person in the classified service of the city of New York unless a statement of the causes of such removal shall be filed with the municipal commission, and a copy of the same furnished to the person sought to be removed, and until such person has been afforded an opportunity to present an explanation in writing. *Held*, that a clerk in the office of the clerk of the board of aldermen of New York City was not entitled to mandamus to compel reinstatement under such civil service rule because he was dismissed without a hearing, since he was not in the classified service.

2. SAME—REGULAR CLERK—STATEMENT OF CAUSE OF REMOVAL—NECESSITY.

Greater New York Charter, § 1543, provides that no regular clerk or head of a bureau shall be removed from office until he has been allowed to make an explanation. *Held*, that where relator was appointed a clerk in the office of the city clerk of New York, January, 1895, and was transferred by section 1536 to a similar position in the office of the clerk of the board of aldermen, and was dismissed without a hearing, he was entitled to mandamus to compel reinstatement, since he was a regular clerk within the meaning of the statute.

3. SAME.

Greater New York Charter, § 1543, provides that the heads of all departments shall have power to appoint and remove all clerks, etc., in their respective departments, but that no regular clerk shall be removed until he has been allowed an opportunity to make an explanation. *Held* that, where a clerk in the office of the clerk of the board of aldermen of New York City was removed without a hearing, it cannot be contended that he was not entitled to the protection afforded by section 1543 on the ground that the board of aldermen did not constitute a department of the city, since it is the legislative department of the city government.

4. SAME.

Greater New York Charter, § 1543, provides that no regular clerk or head of a bureau shall be removed until he has been allowed an opportunity to make an explanation. Laws 1899, c. 370, created a new system of civil service in New York City, and by section 29 repealed all acts inconsistent therewith. *Held*, that the contention that a regular clerk in a department of said city was not entitled to mandamus to compel his reinstatement because section 1543 of the charter had been repealed by Laws 1899, c. 370, was without merit, since there was nothing inconsistent between the two acts.

Appeal from special term, New York county.

Application by the people, on the relation of Frank J. Martin, for a writ of mandamus to compel P. J. Scully, city clerk of the city

of New York, to reinstate relator as clerk in defendant's office. From an order denying the application, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Julius M. Mayer, for appellant.
William B. Crowell, for respondent.

PATTERSON, J.   The relator applied for a writ of mandamus to restore him to the position of clerk in the office of the city clerk of the city of New York, from which position he had been discharged by the defendant summarily, and without a hearing. His application was denied by the court at special term, and from the order of denial this appeal is taken.

It was shown on the application that the relator was appointed in January, 1895, a clerk of the board of aldermen and of the common council of the then corporation known as the mayor, aldermen, and commonalty of the city of New York. He entered upon the performance of the duties of that position,—such duties being solely clerical,—and continued to perform the same until after the Greater New York charter went into operation, when, by virtue of section 1536 of that charter, he was transferred to a similar position or place in the office of clerk of the board of aldermen, who was appointed by the city clerk, namely, the respondent herein. The relator claims a right to reinstatement upon two grounds:

First. That he was in the classified civil service, and, therefore, was protected by rule 42 of the civil service commission, which provides:

"To secure compliance with the provisions of the civil service law prohibiting removals because of political opinions or affiliations, no removal of any person in the classified service of the city of New York shall be valid unless and until a statement of the causes of such removal shall be filed with the municipal commission and a copy of the same furnished to the person sought to be removed, and until such person has been afforded an opportunity to present an explanation in writing. * * *"

Without considering or passing upon the validity of this rule as affecting persons situated as this relator is, we conclude that it would be inoperative in this case, because the relator is not within the classified civil service under the White act, but is expressly excepted therefrom by the provisions of section 8 of chapter 370 of the Laws of 1899, in which section a definition is given of the unclassified service and of the classified service, as follows:

"The civil service of the state and of each of its civil divisions and cities shall be divided into the unclassified and the classified service. The unclassified service shall comprise all elective offices; all offices filled by election or appointment by the legislature on joint ballot; all persons appointed by name in any statute; all legislative officers and employés; all offices filled by appointment by the governor, either upon or without confirmation by the senate, except officers and employees in the executive offices; all election officers; the head or heads of any department of the government, and persons employed in or who seek to enter the public service as superintendents, principal or teachers in a public school or academy or in a state normal school or college. The classified service shall comprise all positions not included in the unclassified service."

It will thus be seen that the unclassified service is one of enumeration. The classified service includes everything not enumerated in the unclassified service, but in the latter we find "all legislative officers and employés," and those words are used not only in connection with the state, but with each of its civil divisions, and each of its cities, manifestly contemplating that there shall be within the unclassified service of the state those who are officers or employés in bodies whose functions are limited to legislation; as either state, county, or municipal legislative bodies.

Second. The relator further contends that he was entitled to restoration to his position under the provisions of section 1543 of the Greater New York charter, which reads as follows:

"But no regular clerk or head of a bureau shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal the true grounds thereof shall be forthwith entered upon the records of the department or board. In case of removal, a statement showing the reason therefor shall be filed in the department."

We think it cannot be controverted that this relator stood in the position of a regular clerk within the meaning of this section of the Greater New York charter. His position was one under the consolidation act, with definite duties assigned to and performed by him. By force of a provision of the Greater New York charter, he was retained in the service of the new city government, and put in a position similar in character to that which he had held under the old municipality. He was regularly appointed, regularly inducted into office, had regular duties to perform, and received a regular annual salary; that is to say, everything connected with his appointment to the position and his compensation to be paid was regulated by law, and he was entitled to the protection which the law gave him from peremptory removal. It is argued by the learned counsel for the respondent that section 1543 does not apply to the relator, because the legislation contained in that section is limited to the heads of departments, who have power to appoint and remove (except the chamberlain) all clerks, officers, employés, and subordinates in their respective departments, except as otherwise specially provided in the act; and then follows the provision respecting the removal of a regular clerk, above quoted. The respondent insists that the municipal assembly is not a department of the city government, and that the provision relating to the discharge of regular clerks cannot, therefore, aid the relator. Attention is called to section 96 of the Greater New York charter for a specific enumeration of the departments of the city, but the departments there enumerated are administrative departments of the city. The municipal assembly is designated in the caption of chapter 2 in the charter as the legislative department. The charter commissioners refer to it in their introduction to the charter as the legislative department of the new city. By all the provisions of the act concerning the municipal assembly it is in fact made the legislative department of the present city of New York just as much as the senate and assembly constitute the legislative department of the government of the state of New York. We are of opinion that the

protection of section 1543 of the charter extends to the relator as one of the regular clerks or employés of that department of the city government.

It is further suggested by the respondent that the provision of section 1543 of the Greater New York charter was repealed by the White act. We do not so regard it. By section 29 of that act all other acts or parts of acts, general, special, or local, and all rules, regulations, and classifications for the appointment or promotion in the civil service of the state, or any civil division thereof, inconsistent with the provisions of the White act are repealed. There is nothing in section 1543 of the Greater New York charter inconsistent with either the scheme or the objects of the White act, or of any of its specific provisions.

The order should be reversed, with $10 costs and disbursements, and a mandamus granted to the relator reinstating him in the position from which he was removed, with $50 costs. All concur; RUMSEY, J., in result.