(28 Misc. Rep. 682.)

PEOPLE ex rel. WHITMAN v. GOLDENKRANZ et al., Board of Coroners.

(Supreme Court, Special Term, New York County. September, 1902.)

1. CORONERS' PHYSICIANS—APPOINTMENT—TERM.

Under Consolidation Act, § 1769 (Laws 1882, c. 410), which is continued in force by Greater New York Charter, § 1571, as amended by Laws 1901, c. 466, providing that each coroner of said city shall appoint a physician to be known as a "coroner's physician," the coroner has a right to appoint such a physician, whose term shall be the same as that of the coroner.

2. SAME.

Where the position of coroner is abolished by law, the term of the coroner's physician appointed by him under Consolidation Act, § 1769 (Laws 1882, c. 410), ends; and his name cannot, therefore, be placed by the municipal civil service commission on the preferred list of suspended employés, or certified for appointment to a vacancy.

Application by the people, on the relation of Stephen E. Whitman, for writ of mandamus to Solomon Goldenkranz and others, coroners. Denied.

Nathan, Leventritt & Perham, for relator.

George L. Rives, Corp. Counsel, for respondents.

GREENBAUM, J. The relator applies for a writ of mandamus commanding the board of coroners of the borough of Manhattan, city of New York, to take such action as is proper to place the relator in possession of the office of coroner's physician. The relator was on or about January 1, 1898, duly appointed a coroner's physician in the borough of Richmond, and he continued to act as such physician until December 31, 1901, when the term of office of coroners for the borough of Richmond expired. Up to January 1, 1902, there were two coroners in the borough of Richmond and two coroners' physicians. Section 1769 of the New York City consolidation act (Laws 1882, c. 410), continued in force by the Greater New York charter (section 1571, as amended by chapter 466, Laws 1901), provides that there shall be the same number of coroners' physicians as of coroners. The number of coroners and of coroners' physicians for the borough of Richmond was reduced from two to one. Greater New York Charter, § 1570, as amended by chapter 466, Laws 1901.

The relator was notified that his position was abolished by virtue of the provision of the charter to which reference has just been made, and it appears that thereafter the civil service commission placed relator's name upon the preferred list of suspended employés, ostensibly in compliance with the provisions of section 1543 of the Greater New York charter. A vacancy in the office of coroner's physician in the borough of Manhattan having been created on May 7, 1901, by resignation, the respondents certified such vacancy to the municipal civil service commissioners on May 20, 1902; and on May 12, 1902, the secretary of the commission duly certified the relator's name for the vacant position, in a communication in which he stated that such certification was made from the preferred list for reinstatement, pursuant to section 1543 of the charter. The respondents refused to permit the relator to perform the duties of coroner's physician, or to recognize him as such physician.

Section 1769 of the consolidation act, which is continued in force by virtue of section 1571 of the charter, provides as follows:

"Each coroner of said city shall, on assuming office, appoint a qualified physician, who shall be a resident in said city, and shall be known as a 'coroner's physician.' Any vacancy in the office of coroner's physicians shall be filled by the board of coroners. The board of coroners, for cause, may remove the physicians appointed by them."

The statutory source of section 1769 of the consolidation act is chapter 256 of the Laws of 1878, which reads:

"Sec. 3. The board of coroners of the city of New York shall within five days after the passage of this act, by a writing filed in their office and published in the City Record, appoint four qualified physicians, who shall be residents of said city, to perform the duties in the preceding section specified, and shall be known as 'coroners' physicians.' Thereafter each coroner of said city elected as provided by law, shall, on assuming office, appoint successors to the physicians herein provided for. Any vacancy in the office of coroners' physicians shall be filled by the board of coroners. The board of coroners, for cause, may remove the physicians appointed by them."

The solution of the controversy here presented would seem to rest upon the construction to be given to section 1769 of the consolidation act, under which the relator was appointed and held office. It seems to me clear that whatever the motive of the legislature may have been in vesting the board of coroners, as a body, with the power to fill vacancies in the office of coroner's physician, an analysis of the history of the legislation on the subject shows that the right was lodged in each coroner, upon assuming office, personally to appoint a physician. It must therefore necessarily follow that the term of office of the physician is coterminous with that of the coroner originally appointing him, unless he is sooner removed, and that the term of office of the relator expired by limitation on December 31, 1901. I am of opinion that the name of the relator was erroneously certified by the civil service commissioners to the respondents, and the latter were justified in refusing to appoint or recognize the relator as a coroner's physician. The application for a writ of mandamus is denied.

Application denied.