The judgment should be reversed and the demurrer overruled.

Edward T. Bartlett, Vann, Hiscock and Chase, JJ., concur with per curiam opinion, and Cullen, Ch. J.; Haight, J., concurs with O'Brien, J.

Judgment affirmed.

---

The People of the State of New York ex rel. Charles Hoefle, Appellant, v. Matthew J. Cahill, as Coroner of the Borough of Richmond in the City of New York, Respondent.

1. New York (City of) — Civil Service Law — When Clerk Removed from Position in Office of Coroner of Borough of Richmond Entitled to Mandamus Directing His Re-instatement. Where a member of a disbanded volunteer fire department in the county of Richmond was appointed as a clerk in the office of the coroner of the borough of Richmond under the authority of section 1571 of the Greater New York charter, which provides that "The coroners in each borough shall have an office in said borough and shall appoint a clerk who shall receive an annual salary to be fixed by the board of estimate and apportionment and the board of aldermen, and such and so many assistant clerks as shall be provided for in the annual budget. They shall also appoint a stenographer in each borough," etc., such clerk was not appointed to and did not hold

a public office, but held a clerical and subordinate position without original, independent or governmental duties, and having been removed and dismissed from such position without any hearing whatever, as required by the Civil Service Law (L. 1899, ch. 370, § 21, as amd. by L. 1904, ch. 697), he is entitled, in the absence of evidence that he held "the position of private secretary, cashier or deputy of any official or department," which positions are excepted from the requirements of the latter statute, to a peremptory writ of mandamus requiring the coroner of the borough of Richmond to reinstate him in the position from which he was removed and he is not compelled to resort to an action of quo warranto.

2. SAME — WHEN FACT, THAT STATUTE AUTHORIZING APPOINTMENT OF SUCH CLERK PRESCRIBES NO DEFINITE TERM, DOES NOT AUTHORIZE HIS REMOVAL AT PLEASURE OF CORONER. The fact that the statute, under which the relator was appointed, prescribed no definite term of office, did not render his term of office subject to the pleasure of his superior so that he could be removed at any time; while the statute does not fix the term of appointment, it must be construed with reference to the Civil Service Law, which also applies and prohibits the removal of the relator except under the conditions therein specified.

3. SAME.— WHEN EVIDENCE TENDING TO SHOW THAT SUCH CLERK HELD THE OFFICE, OR PERFORMED THE DUTIES, OF A PRIVATE SECRETARY, CASHIER OR DEPUTY, PROPERLY EXCLUDED. Where the defendant, upon the hearing of the proceedings for the writ of mandamus, offered evidence intended to show that the duties discharged by the successor of relator were those of deputy, cashier or private secretary, and that, therefore, the position came within the exceptions of section 21 of the Civil Service Law, such evidence was incompetent and properly excluded for the reason, amongst others, that, when the statute excepted from the limitations upon the power to remove certain persons like relator the office of deputy, cashier or private secretary, it contemplated only positions brought within these excepted classes by the terms of the laws which created or authorized and defined them, or at the most positions which under some sufficient authority at the discretion of the appointing or superior power have been invested with the duties and character of one of the excepted positions. It was not the purpose to allow the head of a department at will by assigning temporarily certain duties to a position created as an ordinary clerkship, to transform it into the office of private secretary, cashier or deputy and thus secure the power of removal, free from the restrictions imposed by the statute.

*People ex rel. Hoefle* v. *Cahill*, 116 App. Div. 885, reversed.

(Argued April 1, 1907; decided May 21, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 25, 1907, which reversed an order of Special Term

granting a motion for a peremptory writ of mandamus to compel the defendant to reinstate the relator in the position of clerk to the coroner of the borough of Richmond and dismissed the proceeding.

The facts, so far as material, are stated in the opinion.

*George M. Pinney, Jr.,* and *Warren C. Van Slyke* for appellant. Mandamus was the sole and only remedy of the relator and all necessary parties were before the court. (*Rowland* v. *Mayor, etc.,* 83 N. Y. 376; *People ex rel. Corkhill* v. *McAdoo,* 98 App. Div. 312; *People ex rel. Jacobus* v. *Van Wyck,* 157 N. Y. 495; *People ex rel. Coveney* v. *Kearny,* 44 App. Div. 449; *People ex rel. Shaughnessy* v. *Fornes,* 172 N. Y. 323; *O'Hara* v. *City of New York,* 46 App. Div. 518; 167 N. Y. 567; *Martin* v. *City of New York,* 82 App. Div. 35; *People ex rel. O'Toole* v. *Hamilton,* 98 App. Div. 59; *People ex rel. Tate* v. *Dalton,* 34 App. Div. 6; *People ex rel. Drake* v. *Sutton,* 88 Hun, 173.) There were no errors in the rulings of the trial court. (L. 1901, ch. 466, § 1751.)

*William B. Ellison, Corporation Counsel* (*James D. Bell* of counsel), for respondent. The relator held an office defined by statute, and the title to it can only be determined in an action in the nature of quo warranto. (*People ex rel. O'Toole* v. *Hamilton,* 98 App. Div. 59; *People ex rel. McLaughlin* v. *Police Comrs.,* 174 N. Y. 450; *People ex rel. Blatchford* v. *McAdoo,* 101 App. Div. 183; 181 N. Y. 547; *People ex rel. O'Keefe* v. *McFadden,* 75 App. Div. 264; *People ex rel. Corkill* v. *McAdoo,* 113 App. Div. 770; *People ex rel. Hillman* v. *Scholer,* 94 App. Div. 282; *Ramsey* v. *Hayes,* 187 N. Y. 367; *People ex rel. Cochrane* v. *Tracy,* 35 App. Div. 265.) The duration of relator's office, not having been declared by law, it was held during the pleasure of the coroner. (*People ex rel. Cline* v. *Robb,* 126 N. Y. 180; *Bergen* v. *Powell,* 94 N. Y. 591; *People ex rel. Earl* v. *England,* 16 App. Div. 97.)

HISCOCK, J. Section 1571 of the Greater New York charter, amongst other things, provides as follows: "The coroners

in each borough shall have an office in said borough and shall appoint a clerk who shall receive an annual salary to be fixed by the board of estimate and apportionment and the board of aldermen, and such and so many assistant clerks as shall be provided for in the annual budget. They shall also appoint a stenographer in each borough," etc.

Under and in accordance with the terms of this provision the relator was appointed and entered upon the discharge of his duties as clerk to the coroner of the borough of Richmond. Concededly he was a member of a volunteer-fire department in the county of Richmond at the time of its disbandment on November 1st, 1905, and as such came within the provisions of section 21 of the Civil Service Law (Chap. 370 of the Laws of 1899, as amended), which, amongst other things, enacted that " No person holding a position by appointment or employment in the State of New York * * * who shall have served the term required by law in the volunteer fire department of any city, town or village in the State, or who shall have been a member thereof at the time of the disbandment of such volunteer fire department shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges. * * * Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department." (L. 1904, chap. 697.)

There was no evidence that relator held " the position of private secretary, cashier or deputy," and, therefore, came within the exceptions to the limitation upon the right of removal expressed in the section as above quoted.

Thereafter concededly he was removed and dismissed from his position without any hearing whatever. Save for one reason hereinafter to be referred to it is undisputed that upon the record as now presented the relator was entitled to a writ of mandamus compelling his reinstatement, if the place to which he had been appointed, and from which he was removed, was a clerical or subordinate position as distinguished from a public office. The learned Appellate Division,

in reversing the order made by the Special Term granting the writ, reached the conclusion that he had been appointed to and was holding an "office," and that, therefore, he could not secure relief by a writ of mandamus but must resort to an action of quo warranto directed against the occupant appointed after his removal.

We think that the court took an erroneous view of the nature of relator's position, and that most clearly the latter was not an office as defined by the law in connection with such a proceeding as this.

The statute under which relator was appointed furnishes the test by which to determine this question. Such statute first directs attention to the coroner as the head of the department of government under consideration. It then provides that he " shall appoint a clerk  *  *  *  and such and so many assistant clerks as shall be provided for  *  *  *  also appoint a stenographer." This statute does not assign any original, independent or governmental duties to the position of clerk thus created any more than it does to that of assistant clerk or stenographer. Its plain meaning as a whole is that the coroner charged with various statutory duties and responsibilities shall have the power to appoint a clerical force which, under his direction and subject to his orders and control, shall assist him in the administration of the duties of his office by performing such routine and subordinate duties as may be assigned to them. There is entirely lacking any suggestion of those powers and responsibilities and of that independent action upon the part of one of these clerks which are inevitably incidental to a public office.

We think that what was said in the case of *People ex rel. Corkhill* v. *McAdoo* (98 App. Div. 312) with reference to the position of complaint clerk in the police department is entirely applicable. The court there said : " We are of opinion, however, that the position held by the relator, and which is not prescribed by the statute, is that of a regular clerk, whose duties relate, not to the public, but to the police commissioner, who is charged with the discharge of the duties of

the office, and who is authorized 'to appoint and remove
* * * such clerks * * * and other subordinates,
assistants and employees as may be reasonably necessary to
the proper performance of the duties and execution of the
powers and functions of the police department created by
this act, or of any of the component parts thereof, and to pre-
scribe their respective ranks and duties.' * * * It is
clear, we think, that the relator, appointed under this author-
ity to aid and assist the police commissioner in the discharge
of the duties which he owes to the public, is not a public
officer. (Citations.) The essential element in a public office
is that the duties to be performed shall involve the exercise
of some portion of the sovereign power, whether great or
small. (23 Am. & Eng. Ency. of Law [2d ed.], 322, and
authorities cited in the notes; *Attorney-General* v. *Drohan*,
169 Mass. 534, 535), and it can hardly be contended that a
clerk, performing routine duties in strict subordination to a
public officer, and with no authority under the statute to do
anything except where it is authorized and directed by such
officer, is exercising any of the sovereign powers. He is
merely doing the detail work of the officer who is exercising
the sovereign powers delegated to him by law, and under the
authorities cited last above the relator is not a public officer."
(See, also, *People ex rel. Coveney* v. *Kearny*, 44 App. Div.
449; *People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495,
504, 506.)

We do not think that the authorities cited by the learned
Appellate Division as supporting their conclusions do justly
bear that construction.

In *O'Hara* v. *City of New York* (46 App. Div. 518) the
plaintiff was seeking to recover the salary attached to a posi-
tion from which he had been improperly removed, and the
substantial question under consideration was whether he had
been a mere employee who could not recover compensation
for a period when he did not actually render services or
whether he had been appointed to and was entitled to a regular
office or position under the municipal government at a fixed

salary so that he could recover the amount of his salary although in fact he performed no services, being prevented from so doing by a superior officer who attempted to remove him in violation of the law. Thus the court was engaged in distinguishing between a mere employment terminable at will and an appointment to a regular and permanent position with a fixed salary and from which the incumbent could not be removed except under certain conditions. In our opinion the question was not at all presented and considered whether the plaintiff had been appointed to a clerical position or to a public office as those terms are now presented to us for consideration and definition. In fact the contrary would appear to be the case, because O'Hara had been reinstated to the position of which he was seeking to recover the salary by mandamus proceedings which concededly would not lie in the case of a public office.

The case of *Martin* v. *City of New York* (82 App. Div. 35) makes even plainer the features distinguishing the cases relied upon by the Appellate Division from this one, because there the court says : " The plaintiff was not a mere employee of the city performing services under a contract of employment like a teacher in a public school, * * * but he rather held a particular office or position in the public service by appointment," thus showing that the court was not considering at all the difference between a public office and a mere clerkship or position such as is involved in this case. It appeared there also that the plaintiff had been restored to the position from which he had been unlawfully removed by mandamus proceedings.

The case of *People ex rel. McLaughlin* v. *Police Commissioners of Yonkers* (174 N. Y. 450) involved an application for a peremptory writ of mandamus to compel the defendants to reinstate the relator as a captain in the police force of the city of Yonkers. The court did not enter upon the consideration of the question whether the place to which the relator was seeking reinstatement was a subordinate position as distinguished from an office, but the discussion proceeded throughout upon

496     People ex rel. Hoefle *v.* Cahill.     [May,

Opinion of the Court, per Hiscock, J.     [Vol. 188.

the assumption and theory that a police captaincy was an office, and that another incumbent having been appointed thereto, relator could only establish his rights, if any, in an action of quo warranto.

The other reason before referred to which is briefly urged in opposition to relator's proceeding is in substance that he having been appointed to his position of clerk under a statute which prescribed no definite term of office held subject to the pleasure of his superior and could be removed at any time. We think that this contention is unfounded. While the statute giving the coroner the right to appoint a clerk did not fix the term of office, still that statute must be construed with reference to others, and the Civil Service Law, to which we have already referred, and the applicability of which is not questioned, prohibited the removal of the relator except under the conditions there specified.

Finally, it is contended that certain errors were committed upon the hearing at Special Term which required reversal of the order there made, and our attention is directed to the following questions, objections and rulings :

(By defendant's counsel) : " Describe briefly the duties of the position held by Hoefle ? [Objected to.] The Court: He was a clerk ; he was not a deputy ; he had no right to sign the Coroner's name to anything. Mr. Hughes : Does your Honor exclude the question ? The Court: Yes. [Exception.] Mr. Pinney (relator's counsel) : I withdraw the objection if your Honor please. I don't want any exception in this record. (By defendant's counsel) : Q. What are the duties of the successor of Hoefle ? [Objected to.] Q. Specify the nature of his successor's work in the coroner's office ? [Objected to as incompetent, immaterial, irrelevant and not binding upon this relator who was appointed by another coroner, and because in no event has this coroner any power under section 1571 of the Charter of the city of New York to impose any other than clerical duties. Objection sustained ; exception.]   *   *   *   Q. In your absence from the office who represents you ? [Objected to because he cannot under

the law have any representative who may act as his deputy. Objection sustained; exception.] "

It is now said in substance that it was the purpose by this examination to demonstrate that the position formerly held by relator was that of deputy, cashier or private secretary and that, therefore, he came within the exceptions of section 21 of the Civil Service Law and was removable without institution of the proceedings otherwise prescribed by that section in the case of a volunteer fireman.

There was no exclusion of any competent evidence in regard to the duties performed by relator. It is not apparent that the defendant who took office sometime after relator's removal had any knowledge of the duties performed by him. Moreover the objection originally interposed to the question asked of defendant was subsequently withdrawn and an opportunity afforded for examination which was not improved, and thus the evidence upon this point was confined to the testimony given by the relator himself, which clearly indicated that he was not discharging the duties of any of the excepted positions.

We think that the questions asked of defendant with reference to the duties performed by relator's successor were also properly excluded. It well might be argued that relator was entitled to have the legality of his removal tested by conditions as they existed at the time it occurred and that if he was not then performing the duties of one of the positions excepted from the force of section 21, his reinstatement could not be defeated · by showing that subsequently the duties of one of such positions were being discharged by the person appointed in his place. But in our opinion there is another answer than this. We think that when the statute excepted from the limitations upon the power to remove certain persons like relator the office of deputy, cashier or private secretary, it contemplates only positions brought within these excepted classes by the terms of the laws which created or authorized and defined them, or at the most positions which under some sufficient authority at the discretion of the appointing or superior

power have been invested with the duties and character of one of the excepted positions.  We do not believe that it was the purpose to allow the head of a department at will by assigning temporarily certain duties to a position created as an ordinary clerkship, to transform it into the office of private secretary, cashier or deputy and thus secure freedom of removal for the purpose of defeating such an application as this.  This view is sustained by other provisions of the Civil Service Law such as are found in section 12, relating to the exempt class, which refer to and distinguish the different positions of clerk, secretary and deputy and speak of them as " authorized by law," rebutting any inference that an official at will might create a secretaryship, for instance, from a clerkship through assignment to the latter of certain duties.  The intent to make definite and to restrict rather than to enlarge the scope of the exceptions to the limitations upon the power of removal may be found from the fact that the statute originally excepted not only the position of private secretary or deputy, but also that of " any other person holding a strictly confidential relation to the appointing officer."  It is quite manifest that the limitations upon the power to remove veterans and others would cease to be very efficacious if every official and head of a department might avoid them by changing clerks into officials and employees of a character placed beyond the protection of these limitations.

It is briefly suggested in a somewhat incidental manner upon the brief of the counsel for the appellant that the position held by the relator is in the exempt class under the civil service regulations.  We cannot find that any such issue, of whatever importance it might be, was raised by the return or considered in the courts below.

· The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs to the relator in both courts.

Cullen, Ch. J., O'Brien, Edward T. Bartlett, Haight, Vann and Chase, JJ., concur.

Order reversed, etc.