### In re DONNELLY.

(Supreme Court, Special Term, Kings County. February 3, 1912.)

CLERKS OF COURTS (§ 8*)—COUNTY CLERK—CIVIL SERVICE—CLERK OF LAW DEPARTMENT—"REGULAR CLERK."

Laws 1911, c. 641, provided for a chief clerk in charge of the law department in the county clerk's office of Kings county, amending the act to make the office of county clerk of the county of Kings a salaried of-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

fice, and regulating the management thereof. It fixed the salaries to be paid to assistants, clerks, employés, or subordinates employed in the office, declaring that the deputy clerk should receive $5,000, a year, expert of records $3,000, assistant deputy county clerk $2,500, and the chief clerk in charge of the law department $2,500. It was the duty of the clerk of the law department to pass on the papers for and enter judgment in law and equity cases, to tax costs, cancel notice of pendency of action, satisfy judgments and liens, issue transcripts and satisfy the same, certify to the correctness of copies, and issue executions and state writs. *Held*, that the chief clerk in charge of the law department was a "regular clerk," within Civil Service Law (Consol. Laws 1909, c. 7) § 22, and was therefore not subject to removal by the county clerk without notice and an opportunity to explain charges for which he was dismissed.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 26–29; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 7, p. 6036.]

Application by Peter Donnelly for a peremptory writ of mandamus, directed to Charles S. Devoy, County Clerk of Kings County, to compel respondent to reinstate relator in the position of chief clerk of the law department in the county clerk's office. Motion granted.

Order affirmed, 135 N. Y. Supp. 1108.

William F. Hagarty, of New York City, for applicant.

Hugo Hirsch, of Brooklyn, for respondent.

KELLY, J. The relator applied for a writ of mandamus commanding County Clerk Devoy to reinstate him in the position of chief clerk in charge of the law department in the county clerk's office, from which position he was removed summarily by Mr. Devoy on January 1, 1912. The relator was appointed chief clerk of the law department by Mr. Devoy's predecessor in office on the 12th day of July, 1911. He claims that he was "a regular clerk" in the office, and that his summary removal by the respondent was illegal, under the provisions of section 1543 of the Greater New York Charter (Laws 1901, c. 466), Civil Service Law (Consol. Laws 1909, c. 7) § 22, which provides:

"But no regular clerk or head of bureau shall be removed until he has been allowed an opportunity of making an explanation, and in every case of removal the true grounds thereof shall be forthwith entered," etc.

No notice or hearing was given to the relator, the respondent insisting that he was not a regular clerk, but was in fact a deputy county clerk; and respondent insists that the Legislature has no power to interfere with him in the appointment of his deputies, as he is a constitutional officer, citing article 10, § 1, of the Constitution; Warner v. People, 2 Denio, 283, 43 Am. Dec. 740; People v. Keeler, 29 Hun, 175; People v. Howland, 155 N. Y. 270, 49 N. E. 775, 41 L. R. A. 838.

The right of the relator to a peremptory writ of mandamus depends upon whether at the time of his removal he was a "regular clerk" under the provisions cited. If any issue is raised by the answering affidavit, his application for peremptory writ must fail.

In his behalf the relator alleges that, in addition to his position as a regular clerk, he was also the "head of a bureau" as described in the charter; but his claim has been abandoned. The respondent insists that the mere statement that the petitioner was a regular clerk is insufficient, that the petition fails to state the duties of a regular clerk, that there is no "law department" in the county clerk's office, and therefore there can be no chief clerk of the law department, and respondent avers that the Legislature has not established a law department in the county clerk's office, or attempted to define the duties; but it must be admitted that the Legislature of the state of New York, by chapter 641 of the Laws of 1911, provided for "a chief clerk in charge of the law department" in the county clerk's office of Kings county. That was an act amending "An act to make the office of the clerk of the county of Kings a salaried office and regulating the management of said office."

Can it be questioned that, notwithstanding the constitutional character of the office of county clerk, the Legislature may still provide how it shall be managed? Constitutional offices are not independent of the law. The act in question assumed to fix the salaries to be paid to "assistants, clerks, employés or subordinates" employed in the county clerk's office. Thus the salaries were fixed:

"The deputy county clerk, five thousand dollars; expert of records, three thousand dollars; assistant deputy county clerk, twenty-five hundred dollars; chief clerk in charge of the law department, twenty-five hundred dollars."

Now, it would seem obvious that the Legislature provided that there shall be a chief clerk in the law department, and that the position was a regularly defined position, provided for by the Legislature in the act "regulating the management" of the county clerk's office. The county clerk in 1911 so understood it, and appointed the relator to the position; and if there is any doubt about the necessity for such a position, it is removed by the averment in the respondent's affidavit submitted on this application, because Mr. Devoy proceeds to specify the "ordinary duties of such law clerk." He gives them at some length:

"Passing on the papers for and entering judgment both in law and equity cases, taxing costs, canceling notice of pendency of action, satisfying judgments and liens, issuing transcripts of judgments and satisfactions thereof, certifying to the correctness of copies of papers on file in said office, issuing executions against persons and property on judgments entered in said office from the Municipal Court, and issuing all state writs, all of which acts are done and papers signed in the name of the county clerk, and to many of which the seal of the county are [is] affixed; that said duties are so important, deponent has assigned the deputy county clerk to have supervision and charge thereof as far as circumstances would permit."

Respondent has an undoubted right to supervise the work of the chief clerk, whose appointment was authorized by the act of 1911, and who was appointed pursuant to that act, either in person or by the deputy county clerk; but the Legislature has provided him with a

deputy clerk and an assistant deputy clerk to do the work of the clerk, and at the same time provided for a law clerk to do the detail work, a small part of which is described in the respondent's affidavit. There is nothing sacred or confidential about taxing costs and filing and docketing judgments. It does not require a constitutional officer to satisfy a mechanic's lien or compare a copy for certification. All this is clerical work.

The respondent cannot assign to this clerk duties which should be performed by him or his deputy, and thus secure freedom of removing the incumbent in defiance of the statute. This appears to have been squarely decided in People ex rel. Hoefle v. Cahill, 188 N. Y. 489, 81 N. E. 453. If signing the clerk's name or affixing the seal is of great moment, surely this can be cared for by the clerk and his two deputies. In most matters the signing and affixing the seal is merely routine business; but, if we agree with the respondent as to its importance, the answer is that the act of the Legislature cannot be avoided by devolving such duties on the law clerk. Let him continue to do the work mentioned in the respondent's affidavit as the "ordinary duties" of the law clerk, but subject to the supervision of the deputy clerk, "as far as circumstances will permit."

I think that the designation of the position in the statute and the subsequent appointment of the relator to the position by Mr. Devoy's predecessor, his continued performance of his duties down to January 1, 1912, coupled with Mr. Devoy's description of his duties, makes the relator a "regular clerk," under section 22 of the Civil Service Law (Laws 1909, c. 15 [Consol. Laws 1909, c. 7]), and that he was entitled to notice and opportunity to explain before he could be dismissed. People ex rel. Martin v. Scully, 56 App. Div. 302, 67 N. Y. Supp. 839; People ex rel. Hoefle v. Cahill, 188 N. Y. 489, 81 N. E. 453; People ex rel. Corkhill v. McAdoo, 98 App. Div. 312, 90 N. Y. Supp. 689.

The motion is granted. Settle writ and form of order, etc., on notice.