In the Matter of the Application of ARTHUR E. CAMPBELL,
Petitioner, for a Peremptory Order of Mandamus against LEO
J. SCHMIDT, Commissioner of Charities and Correction of the
County of Erie, Respondent.

Supreme Court, Erie County, December 6, 1926.

Public officers — removal — peremptory order of mandamus to compel
respondent to restore petitioner to duties as principal keeper in Erie
County Penitentiary — fact that Erie county board of supervisors failed
to mention position in budget and omitted to provide salary therefor
does not warrant finding that said board abolished position — intention
to abolish office must be clear — petitioner entitled to be restored
to office.

Petitioner, who held the office of head keeper in the Erie County Penitentiary and
received a salary therefor up to and including December 31, 1925, is entitled
to a peremptory order of mandamus compelling the commissioner of charities
and correction of the county of Erie to restore him to the duties of his office
from and after January 1, 1926, where it was established that, except that said
board failed to mention the position in its budget and omitted to provide a
salary therefor, no resolution or act of the board of supervisors was adopted
abolishing said office.

Neither the failure to mention said position nor the omission to provide a salary
therefor in and of itself abolished the position.   To abolish an office the
intention of the competent authority must be clear, and the mere failure to
include an office in the budget does not seem to be a clear expression of an
intent to abolish the office.

APPLICATION for a peremptory order of mandamus.

*Carlton E. Ladd* [*W. J. Wetherbee* of counsel], for the petitioner.

*Robert C. Palmer* [*N. Edwin Merwin* of counsel], for the
respondent.

BROWN, J.   By an order of this court granted February 23, 1926,
and affirmed by the Appellate Division June 29, 1926 (217 App. Div.
786), it was adjudicated that the petitioner held the office of head
keeper of the Erie County Penitentiary and was entitled to be paid
by the county of Erie his salary as such officer from October 1, 1925,
to and including December 31, 1925.   In compliance with that
order the respondent certified to the State Civil Service Com-
mission the name of petitioner as such officer, and his salary was
duly paid him as directed by the order.   It was also determined
by such order that the petitioner was protected in such provision
by the Civil Service Law and could not be removed therefrom
except upon charges duly preferred and an opportunity of being
heard thereon.

The salary of such office being denied the petitioner from and

after January 1, 1926, this application was made for an order commanding the respondent to restore the petitioner to the duties of his office as head or principal keeper of the penitentiary. The return of the respondent upon such application, in paragraph 6, admits that respondent stated that he would not restore petitioner to his former position or certify his payroll, and alleges that he stated to petitioner that petitioner's position had been abolished by a resolution of the board of supervisors of Erie county.

It is alleged in the respondent's return, in paragraph 12, that the finance committee of the board of supervisors, after considering the matter, agreed with respondent, and the office of head keeper was stricken from the budget and abolished and no appropriation made in the budget (for 1926) for salary or compensation for said office; that the budget as thus prepared was subsequently adopted by the said board of supervisors and ever since has been and now is in effect; that no one has been appointed as head keeper in place of said petitioner. An affidavit of petitioner, verified September 18, 1926, discloses the fact that a careful examination of the records of the board of supervisors does not disclose that any resolution or other action has ever been taken abolishing said position. An affidavit of respondent, verified November 30, 1926, was presented upon submission, December 1, 1926, wherein respondent states: " The procedure of the board shows that this position was abolished. The budget made up at the end of each year for the following year affirmatively shows what positions are provided for and the failure of a position to be specifically stated, together with the absence of any salary therefor, affirmatively shows that the position is abolished."

It is established upon this application by the proceedings of the board of supervisors that no resolution or act of such body was adopted or taken formally abolishing the petitioner's office of head keeper of the penitentiary; that the finance committee of the board of supervisors did not report that such position be abolished; that the board of supervisors, in its budget for the year 1926, omitted providing for petitioner's salary and made no mention of petitioner's position of head keeper of the penitentiary. Such facts are conceded by the respondent. The sole single question presented for determination is:

Does the budget for the year 1926, showing what positions are provided for, failing to specifically mention the position of head keeper of the penitentiary, and failing and omitting to provide a salary therefor, in and of itself, by such failure, abolish such position?

Counsel have been unable to cite any authority bearing on this question. It has been said that to abolish an office the intention

of the competent authority to abolish such office must be clear. (29 Cyc. 1368.)  The mere failure to include the office in the budget does not seem to be a clear expression of an intent to abolish the office.  It does not necessarily follow that such failure to include the office in the budget was intentional, it may have been accidental without intent.  To say that the mere failure to provide for the payment of the salary of a public officer in and of itself abolishes the office seems° devoid of reason and logic; it certainly is not a clear expression of an intent to abolish the office. The office not having been abolished the petitioner is entitled to be restored to his office and his payroll certified by the respondent, as required by the Civil Service Law.

Ten dollars motion costs awarded petitioner.