Herbert D. Hamm, J.
This is an article 78 proceeding in the nature of mandamus to compel ‘ ‘ the performance by said Respondent of a duty to reinstate the Petitioner to his position as Assistant Superintendent of Operation and Maintenance ”.
The petitioner, an honorably discharged veteran of World War II, was appointed on July 14, 1947, effective July 1, 1947, “ as Assistant Superintendent of Operation and Maintenance in the Division of Operation and Maintenance in the Department of Public Works ” of the State of New York. By letter dated September 28, 1955, the petitioner was notified that Ms appointment and employment were terminated effective as of September 30, 1955. No hearing was ever afforded to the petitioner and no charges of misconduct or incompetency were made.
The petitioner invokes the protection of subdivision 1 of section 22 of the Civil Service Law, which reads in part as follows: “1. * * * No person holding a position by appointment or employment in the state of New York * * * who is an honorably discharged soldier, sailor, marine * * * having served as such in the army or navy of the United States during * * * world war II * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges * # #. Nothing in this subdivision shall be construed to apply to the position of private secretary, cashier or deputy of any official or department.”
As to organization of the Department of Public Works, section 7 of the Public Works Law provides:
< ‘ There shall be in the department the following divisions: (a) administration, (b) construction, and (c) operation and maintenance.
“ The power and duties of such divisions and of any bureaus therein shall be exercised and performed under the supervision, direction and control of the superintendent of public works.
“ The superintendent may (a) with the approval of the governor, establish, consolidate or abolish additional divisions, (b) establish, consolidate or abolish any bureau or bureaus now existing or hereafter created in any such division, and (c) main *746 tain district offices at convenient places within each engineering district and assign an engineer to take charge of each such districts, subject to his direction, supervision and control. The superintendent may appoint a deputy superintendent, a chief engineer and a superintendent of operation and maintenance, to serve during his pleasure and assign to each the work which shall be under his supervision. Bach deputy superintendent, chief engineer and superintendent of operation and maintenance shall be a person qualified by training and experience for the performance of the duties assigned to him. Subject to the provisions of the civil service law and rules, the superintendent may appoint such other employees of the department as may be necessary to carry out the provisions of this chapter. He may transfer officers or employees from their positions to other positions in the department, may consolidate such positions, or may abolish such office or position. Each officer and employee of the department shall receive an annual compensation to be fixed by the superintendent within the amount provided by appropriation.”
The petitioner was appointed “ Assistant Superintendent of Operation and Maintenance in the Division of Operation and Maintenance ” by Official Order No. 167, which provided:
“ Article 1. Pursuant to section 7 of the Public Works Law, it is
“ Ordered: That Chas. E. Walsh, Jr., be and he hereby is appointed as Assistant Superintendent of Operation and Maintenance in the Division of Operation and Maintenance in the Department of Public Works, effective as of July 1, 1947. at such salary as shall be provided for such position.
“ Article 2. Pursuant to section 11 of the Public Works Law, it is
“ Ordered: That subject to my supervision, and under direction of the Superintendent of Operation and Maintenance of the Department of Public Works, the said Chas. E. Walsh, Jr. as such Assistant Superintendent of Operation and Maintenance, be and he hereby is delegated and directed (I) to operate and maintain the public buildings and grounds including the care and control thereof under the Public Buildings Law in accordance with subdivision (3) of paragraph (c) of section 8 of the Public Works Law; (II) in co-operation with the Commissioner of Standards and Purchase in the Executive Department of the State of New York, to co-ordinate the power and authority of the undersigned Superintendent of Public Works with the policy of the said Commissioner of Standards and Purchase in relation to the leasing of buildings, rooms or premises *747 in the City of Albany and elsewhere in the State for providing space for Departments, Commissions, Boards and officers of the State government as provided in section 3 of the Public Buildings Law, and (III) to perform such other duties and functions that shall be assigned to him from time to time; except power to appoint or remove officers or employees or to fix their compensation. ’ ’
The petitioner does not come within the exception of Matter of Erikson v. Helfand (1 A D 2d 59, affd. 1 N Y 2d 775) as the petitioner concededly has not been given the title of “ deputy ” by the Legislature.
Nor is the petitioner an independent officer (Matter of O’Day v. Yeager, 308 N. Y. 580). His powers and duties are not prescribed by statute.
The respondent, however, contends that an appointee may in some circumstances be a deputy within the meaning of the exclusionary provisions of section 22 of the Civil Service Law although the word “ deputy ” is not included in his title. This may be conceded. In Matter of Byrnes v. Windels (265 N. Y.. 403, 408) an assistant corporation counsel of New York City was held to be a deputy within the meaning of section 22 of the Civil Service Law excepting deputies from the protection afforded war veterans from removal from office. But the charter of the City of New York provided that any assistant corporation counsel should “ possess every power and perform all and every duty belonging to the office of the corporation counsel, or so much of such duties as the corporation counsel shall deem it necessary to delegate ”.
The requirements to make the petitioner a deputy within the exception of section 22 have been stated by Mr. Justice Halpern (Heath v. Creagh, 197 Misc. 537, 547, affd. 276 App. Div. 948):
“ It is clear from the cases cited that in order to bring the petitioner’s position within the statutory concept of a deputy, the respondents must show that there was some statute making the petitioner a deputy with authority to take over and perform the duties vested in the principal officer or that there was a statute authorizing the principal officer to delegate his duties and thus to create a deputy ship.
“ In People ex rel. Hoefle v. Cahill (188 N. Y. 489, 497-498) it was stated: ‘ We think that when the statute excepted from the limitations upon the power to remove certain persons like relator the office of deputy, cashier or private secretary, it contemplates only positions brought within these excepted classes by the terms of the laws which created or authorized *748 and defined them, or at the most positions which under some sufficient authority at the discretion of the appointing or superior power have been invested with the duties and character of one of the excepted positions.’ ”
The petitioner was not by statute constituted a deputy with authority to take over and perform duties vested in the respondent. So it becomes necessary to inquire by what authority, if any, the respondent delegated duties to the petitioner.
Section 11 of the Public Works Law entitled, “ Delegation of powers by superintendent ”, provides: “ The superintendent may, by official order filed with the department, delegate any of his powers to or direct any of his duties to be performed by the deputy superintendent, the head of a division or of a bureau, or by a district engineer, a deputy chief engineer or by an assistant superintendent of such department, except the power to appoint or remove officers or employees or to fix their compensation.”
The petitioner, assistant superintendent of operation and maintenance in the division of operation and maintenance, was not “ the deputy superintendent ”. His duties were confined to a portion of the duties of the third mentioned of the three divisions created by section 7 of the Public Works Law.
Obviously he was not ‘ ‘ the head of a division ’ ’. The superintendent of operation and maintenance was the head of the division in which the petitioner was employed.
The petitioner was not “ the head * * * of a bureau From an examination of the New York State Legislative Manuals for the years 1947 and 1955 it appears that in the year of the petitioner’s appointment there were five bureaus in the Division of Administration, two bureaus in the Division of Construction, for all seven of which directors had been appointed, and no bureaus in the Division of Operation and Maintenance. From the same source it also appears that in the year of the petitioner’s discharge there were seven bureaus in the Division of Administration, four bureaus in the Division of Construction, for all eleven of which directors had been appointed, and no bureau in the Division of Operation and Maintenance. And it is not alleged that a bureau had been established in the division of operation and maintenance pursuant to section 7 of the Public Works Law or that the petitioner had been appointed the director of such bureau.
The petitioner was not a “ district engineer ”. By section 7 afore-mentioned the superintendent was authorized to ‘ ‘ maintain district offices at convenient places within each engineering district and assign an engineer to take charge of each such *749 districts ”. The duties of the petitioner extended to all grounds and buildings within the State of New York.
He was not “ a deputy chief engineer ”.
And he was not ‘ ‘ an assistant superintendent of such department ’ ’. He was an assistant only within a division with his duties confined to only a portion of the functions of that division, the division of operation and maintenance. It is apparent that the superintendent of the department and the superintendent of a division are wholly different. The superintendent of a division may not be confused with the Superintendent of Public Works. A like difference exists between an assistant supervisor of the department and an assistant supervisor of a division or of a fraction of the functions of a division.
The issue is not whether powers were delegated but whether there was statutory authorization for delegation. As the petitioner does not come within any of the specifications of section 11 of the Public Works Law, there was no statutory authority authorizing the respondent to create a deputyship within the meaning of section 22 of the Civil Service Law by delegation of duties to an assistant superintendent of operation and maintenance in the operation and maintenance division.
An order may be submitted directing the respondent Superintendent of Public Works to reinstate the petitioner and directing the Comptroller to pay to the petitioner compensation from the date of removal to the date of restoration but subject to the- provisions of section 23 of the Civil Service Law.
Submit order on three days’ notice.