Cooke, J. (dissenting).
I dissent and vote to reverse the orders of the Appellate Division, Third Department. The judgments of the Supreme Court, New York County, entered respectively on December 10, 1975 and November 18, 1975, should be reinstated.
The positions of Confidential Attendant to the Supreme Court Justices of the First Judicial District and of Civil Court law secretary were created by acts of the Legislature of the State of New York and, accordingly, can only be abolished by like legislative act (Morrall v County of Monroe, 271 NY 48, 51; Koch v Mayor, 152 NY 72, 75; Matter of Friedman v D’Antoni, 50 AD2d 9, 11-12; Matter of O’Rourke v Graul, 261 App Div 87, affd 285 NY 755). Neither the Administrative Board of the Judicial Conference nor the city Legislature has the power, by independent action, to eliminate these statutorily created positions, nor can they acquire such power by acting in concert.
Since 1909, section 166 of the Judiciary Law has provided: "Each of the justices of the supreme court in the first judicial district shall appoint and at pleasure remove four attendants „upon the court.”* Similar provisions for Civil Court law secretaries can be found in section 8 of the former New York City Court Act and in subdivision 9 of section 7-a of the former New York City Municipal Court Code.
In 1962, section 222 of the Judiciary Law was enacted, *363 which provides in pertient part: "Wherever, under the provisions of any law heretofore adopted, a judge or justice of the unified court system is authorized to appoint personal assistants to render to him legal or clerical services, the power of such judge or justice to make such appointments shall continue * * * in accordance with the standards and administrative policies adopted by the administrative board pursuant to the provisions of section two hundred twelve of this chapter and subject to the final determination of budgets by appropriating bodies as provided in section twenty-nine of article six of the constitution.”
The claim was made at Special Term that the first restriction on the power of appointment is contained in the proviso that such designations be made "in accordance with the standards and administrative policies adopted by the administrative board pursuant to the provisions of section two hundred twelve of this chapter”. Significantly, it was conceded by respondents at Special Term that no "standards and administrative policies” have been made affecting these positions and, thus, this provision has no relevance.
Respondents point to a second proviso, that "the power of such judge or justice to make such appointments shall continue * * * subject to the final determination of budgets by appropriating bodies”, in this case the city Legislature. If the State Legislature had desired to confer the power of abolition on the appropriating body, it would have so stated. The common-sense interpretation of this statutory language is that the appropriating body could provide for the compensation of the incumbents by increasing or decreasing, or even leaving static, the appropriation for the positions. This is borne out by People ex rel. Ward v Scheu (60 App Div 592, affd 167 NY 292), where the Appellate Division held at page 594: "it seems to be equally well settled that an office created by the statute is wholly within the control of the Legislature which may restrict its tenure or abolish the same altogether and determine at pleasure the mode or election or appointment thereto, as well as the compensation to be received by the incumbent” '(emphasis supplied). By providing that the power of making appointments was subject to the budgets by appropriating bodies, the Legislature was acknowledging the authority vested in the appropriating bodies to compensate. This position is supported by subdivision d of section 29 of article VI of the Constitution, which provides: "Insofar as the expense of *364 the courts is not paid by the state in the first instance and is borne by counties, the city of New York or other political subdivisions, the final determination of the itemized estimates of the annual financial needs of the courts shall be made by the appropriate governing bodies of such counties, the city of New York or other political subdivisions.”
It is undisputed that the judicial budget for New York City is a lump sum appropriation which, to say the least, does not eliminate the positions. In any event, the adoption of a budget by the City of New York could neither create nor abolish positions (Matter of Collins v City of Schenectady, 256 App Div 389, 391; Matter of White v Harrell, 236 App Div 206, 207-208; Matter of Campbell v Schmidt, 128 Misc 377, 378-379, affd 219 App Div 861; 48 NY Jur, Public Officers and Employees, § 229, p 117), a city budget being merely evidence of financial, not legislative, acts (People ex rel. Collins v Ahearn, 120 App Div 95, 98).
Since no authority is conferred upon respondents in article 7-A of the Judiciary Law, or elsewhere, to abolish these positions, they must remain as provided for by statute, until such time as the State Legislature chooses to act.
Judges Jasen, Gabrielli, Jones and Wachtler concur in Per Curiam opinion; Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs; Chief Judge Breitel taking no part.
In each case: Order affirmed, without costs.

 The State Civil Service Board placed three of these positions in the competitive class, allowing one as an exempt position for confidential duties (see Matter of Nammack, 66 Misc 523, 525, revd on other grounds 145 App Div 289).