FREDERICK A. LYONS, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Medical officer of the New York fire department — he is not a member of the uniformed force — an increase in the estimate of the expenses of the department for 1898 does not entitle him to an increase of salary.*

A medical officer of the fire department of the former city of New York, who never received the warrant of appointment provided for in section 438 of the Consolidation Act (Laws of 1882, chap. 410) and did not take the oath of office prescribed in section 439 of that act, or contribute to the pension fund pursuant to section 521 thereof, was not a member of the uniformed force of such department.

Under section 740 of the Greater New York charter, which took effect January 1, 1898, and provided that the compensation of the members of the uniformed force of the fire department of the consolidated city "shall be and remain fixed at the amount which they and each of them were severally receiving or entitled to receive from the respective municipal corporations in whose employ they were prior to the taking effect of this act," the fact that in the estimate of the expenses of the fire department of the former city of New York for the year 1898, submitted by the fire commissioners to the board of estimate and apportionment, the salary of a member of the uniformed force of that department who had previously been receiving a salary of $2,000 per year, was stated as $3,000, and that such estimate was adopted by the board of estimate and apportionment, did not entitle the member in question to receive $3,000 per year from the new city.

APPEAL by the plaintiff, Frederick A. Lyons, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 17th day of October, 1902, upon the decision of the court, rendered after a trial at the New York Trial Term, a jury having been waived, dismissing the complaint.

*Franklin Pierce*, for the appellant.

*William B. Crowell*, for the respondent.

McLAUGHLIN, J.:

The plaintiff now is and prior to January 1, 1898, was one of the medical officers of the fire department of the city of New York. Prior to that time he received for services rendered by him as such officer a salary of $2,000 per year, and the same amount has since been paid to him. He claims that since that date he has been entitled to receive $3,000 per year instead of $2,000, and brings this action to recover the difference between the two sums. After trial at the Trial Term his complaint was dismissed and he has appealed.

He asks for a reversal of the judgment principally upon the ground that the uncontradicted evidence adduced at the trial established that when the Greater New York charter (Laws of 1897, chap. 378) took effect (which was January 1, 1898), he was a member of the uniformed force of the fire department and was then, and by virtue of section 740 of the charter since has been, entitled to receive a salary of $3,000 per year. This section of the charter provides, among other things, that " the pay or compensation of the officers of the fire department and each of them mentioned in the first paragraph of this section, and also the pay or compensation of district engineers and officers ranking as such and of any other officers who, when this act takes effect, belong to the uniformed force of either of the fire departments hereby consolidated into one department, shall be and remain fixed at the amount which they and each of them were severally receiving or entitled to receive from the respective municipal corporations in whose employ they were prior to the taking effect of this act." If it be true, as contended, that when the Greater New York charter took effect

the plaintiff was a member of the uniformed force of the fire department, and was then entitled to receive from the old city a salary of $3,000 per year, it necessarily follows that he comes within the provisions of the section quoted, and the judgment must be reversed. This naturally leads to the inquiries (1) whether the plaintiff was then a member of the uniformed force of the fire department; and (2) entitled to receive a salary of $3,000 per year.

*First.* We do not think the plaintiff, when the Greater New York charter took effect, was a member of the uniformed force of the fire department. It will be observed upon referring to section 438 of the Consolidation Act (Laws of 1882, chap. 410), that provision is made to the effect that " every member of the uniformed force shall have issued to him by the board a proper warrant of appointment signed by the president of the said board and secretary or assistant secretary, which warrant shall contain the date of his appointment and his rank ; " and the following section (439) provides that " each member of the uniformed force shall take an oath of office and subscribe the same before an officer of the department empowered to administer an oath." There is nothing in the record before us to show that the plaintiff ever received the warrant provided for in section 438, or that he ever took the oath of office prescribed in section 439, nor do we understand that the plaintiff claims he was ever appointed in the manner there provided, or that he took the oath required ; and if he did not receive the one and take the other, then there is no basis for his claim, because it is the certificate of appointment, coupled with the oath of office, which constitutes one a member of the uniformed force. In this respect his position is quite similar to one elected to a public office. A sufficient number of votes cast for him entitles him to receive from the proper authorities a certificate of election, and this entitles him to qualify by taking the oath of office, and the omission of the latter forfeits his right thereto. This view is also strengthened by other provisions of the Consolidation Act. Thus, section 442 thereof and chapter 269 of the Laws of 1895 (amdg. Laws of 1884, chap. 234) provide for the salaries of those appointed to the force, and section 442 specifies the persons, chiefs of battalions, foremen, assistant foremen, engineers of steamers, assistant engineers of steamers and regular firemen, but nowhere is there any mention made of the salary of

the medical officer, except in section 48, which refers to all subordinate employees in any department of the city. Then section 521 makes it compulsory upon all members of the uniformed force to contribute one dollar per month from their monthly pay to the establishment and maintenance of a pension fund, and other employees in the fire department were given the option of making this contribution and sharing in its benefits. There is nothing to show that the plaintiff ever paid anything to this fund, and if he did not, he certainly ought not to be permitted to share in its benefits, which he would be if it be held that he is a member of the uniformed force.

*Second.* But if the plaintiff was, in fact, a member of the uniformed force of the fire department on the 1st of January, 1898, he was not entitled to recover because he was not then receiving, nor was he entitled to receive, a salary of more than $2,000 per year from the city in whose employ he was prior to and at the time the consolidation took place. The section of the charter referred to (740) provides that "the pay or compensation of the officers of the fire department and each of them mentioned in the first paragraph of this section   *   *   *   and of any other officers who when this act takes effect   *   *   *   shall be and remain fixed at the amount which they and each of them were severally receiving or entitled to receive from the respective municipal corporations in whose employ they were prior to the taking effect of this act." Until the 1st of January, 1898, the plaintiff, it is conceded, was only receiving and entitled to receive $2,000 per year; but it is claimed that inasmuch as the board of commissioners of the fire department prior to that time included in their estimate of the expenses for that year to the board of estimate and apportionment an item of $9,000 for three medical officers — one of whom was the plaintiff — coupled with a resolution to the effect that "the foregoing estimate amounting to two million six hundred and thirty-three thousand, four hundred and sixty-nine dollars ($2,633,469), is adopted as the sum of money which will be required for the expense necessary to the administration of the Fire Department of the City of New York for the year 1898," which estimate was adopted by the board of estimate and apportionment, that this, in and of itself, amounted to an increase of the plaintiff's salary from $2,000 to $3,000 after the 1st of

January, 1898; in other words, the plaintiff's contention is that from the time of the final action of the board of estimate and apportionment, which was on the 23d of December, 1897, he became "entitled to receive" after the 1st of January, 1898, the sum of $3,000 per year. There is no force in this contention as pointed out in the opinion delivered by the learned justice at the Trial Term. The estimate submitted by the fire commissioners and which was finally adopted by the board of estimate and apportionment had nothing to do with the year 1897, but related exclusively to the year 1898, and did not become effective until the beginning of that year. It is not claimed, and it certainly could not be, that the adoption of the estimates related to any other year or in any way affected the salary to which the plaintiff was entitled during the year 1897. The greater city of New York came into existence on the 1st of January, 1898, and then its charter became effective and the salary which the plaintiff was receiving from the old city prior to or at the time of the birth of the new city determined the salary which he was entitled to be paid thereafter. That salary was $2,000, and he has since been paid that sum per year, and there is no basis whatever, as it seems to us, for his claim that he is entitled to any further sum. Not only this, but an estimate of amounts to be paid to an officer for an ensuing year, coupled with action by proper authorities, to the end that such amounts may be raised, is insufficient, in the absence of a statute fixing the salary, upon which to predicate either an increase or decrease of his salary. Before that can be done some specific definite action must be taken to accomplish the desired purpose, which must be assented to by the proper authorities upon the one hand and the officer upon the other. Nothing of that kind appears to have here taken place and the court at the Trial Term correctly so held.

The judgment appealed from, therefore, must be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN and LAUGHLIN, JJ., concurred; PATTERSON, J., concurred in result.

Judgment affirmed, with costs.