PEOPLE ex rel. BOURKE et al. v. GROUT, Comptroller, et al.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

MANDAMUS—PROOFS—INFORMATION AND BELIEF.

As Code Civ. Proc. §§ 2067, 2070, contemplate the issuance of a writ of mandamus only on affidavits or other written proofs showing a proper case therefor, application for mandamus to compel cancellation of tax sales, though opposed by an affidavit insufficient to raise any issue, should be denied; the material allegations to establish invalidity of the sales being set out in the petition only on information and belief, and. that, too, without stating the sources of information.

Appeal from Special Term, Queens County.

Mandamus, on the relation of Anthony V. Bourke and others, against Edward M. Grout, comptroller of the city of New York, and Edward H. Slattery, collector of assessments and arrears of said city. From an order granting a peremptory writ commanding defendants to cancel certain tax sales, they appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

James D. Bell (Samuel K. Probasco, on the brief), for appellants. Henry R. Ham, for respondents.

WILLARD BARTLETT, J. This application for a peremptory writ of mandamus to compel the cancellation of certain tax sales was opposed by an affidavit of the comptroller which was insufficient to raise any issue. The material allegations essential to establish the invalidity of the tax sales, however, were set out in the petition of the relators only upon information and belief, without stating the sources of the information, except as to one or two matters. I think that the insufficiency of the relators' proof in this respect required a denial of their application, even in the absence of an effective denial by the officers of the city. The Code of Civil Procedure contemplates the issuance of a writ of mandamus, whether it be peremptory or alternative, only upon affidavits or other written

proofs showing a proper case therefor. Code Civ. Proc. §§ 2067, 2070. If a petition is presented as written proof, it must be something more than the mere equivalent of a pleading based wholly upon information and belief; otherwise it does not really rise to the dignity of being proof at all. In People ex rel. O'Brien v. Cruger, 12 App. Div. 536, 42 N. Y. Supp. 398, it was declared that an allegation on information and belief contained in an affidavit used on an application for a mandamus was no proof of the fact alleged, where no grounds for the information and belief were stated. I think that the courts should refuse to grant writs of mandamus on affidavits or petitions of this sort. If a party who wants a tax sale canceled, as in the case at bar, cannot swear of his own knowledge to the facts relied upon to establish its invalidity, it is not too great a burden to require him to inform the financial officers of the city where he obtained the information which is the foundation of his proceeding. The suggestion is made that the appellants could ascertain for themselves by reference to the assessment rolls and other public records, but these officers are under no obligation to perform this service. If a cancellation of the tax sales is to be compelled by mandamus, it can only be upon proof showing a proper case therefor, and that proof must be furnished by the party who applies for the writ. The insufficiency of his proof is not helped out by the absence of proof in opposition.

The order under review should be reversed, without prejudice, however, to a renewal of the application at Special Term upon proper affidavits.

Order reversed, with $10 costs and disbursements, without prejudice, however, to a renewal of the application at Special Term upon proper affidavits. All concur.