George M. Schinzel, Appellant, v. George E. Best, as Commissioner of Bridges, etc., Respondent, Impleaded with Others, Defendants.— Interlocutory judgment

affirmed, with costs, on the opinion of Mr. Justice Maddox at Special Term. (Reported in 45 Misc. Rep. 455.) Hirschberg, P. J., Jenks, Hooker, Rich and Miller, JJ., concurred.

---

## THIRD DEPARTMENT, NOVEMBER, 1905.

John K. Cullin, Appellant, v. William J. Alvord, as Sheriff of the County of Columbia, N. Y., Respondent, Impleaded with Martha R. Ryder, Defendant.

*Stipulation that mortgages may be proved by copies — erroneous amendment thereof.*

Appeal by the plaintiff, John K. Cullin, from a judgment of the Supreme Court in favor of the defendant, William J. Alvord, as sheriff of the county of Columbia, entered in the office of the clerk of the county of Columbia on the 28th day of February, 1905, upon the report of a referee.

PARKER, P. J. : So far as I can discover from this record the facts upon which the order was granted are as follows: The action was tried before Justice Cochrane. The plaintiff attempted to prove certain chattel mortgages by using copies thereof. Because the originals were not proven thereby judgment was rendered against plaintiff in defendant's favor. That judgment was vacated and a new trial granted on terms, in order to allow plaintiff to properly prove such mortgages, and the case was referred to N. H. Browning. On the trial the plaintiff, to save expense and trouble of producing the town clerk and the originals on trial, obtained from the defendant the stipulation in question, which is signed by the attorneys for both parties. That stipulation contains the phrase: "Which are all the chattel mortgages given by either Reynolds or Ryder." This admission that the mortgages therein mentioned were all was subsequently claimed by defendant as evidence of that fact. The plaintiff, on the contrary, claims that it was not intended as evidence of any fact, but simply as a consent that upon this trial copies of the mortgages might be used as evidence the same as if they were the originals. On that trial judgment was rendered for defendant by the referee. Plaintiff appeals, and in the case served by him he refers to this stipulation as Exhibit 1, being a stipulation allowing proof of the mortgages by using copies thereof. To this defendant objected and required that a copy of the stipulation be set forth in full. The plaintiff thereupon made a motion at Special Term, held on September 16, 1905, asking that the judgment rendered by such referee be opened and the stipulation be amended by striking out the word "all" therein and so that it could not be construed to have the force and effect that the defendant claims for it as above stated. An order was thereupon made which, among other things, amended the stipulation by striking out the words above quoted therefrom, opened the judgment and sent the case back to the referee and allowed each party to produce more testimony upon the question as to whether or not there were other chattel mortgages given by Allen Reynolds and Martha Ryder. From such order this defendant takes this appeal. In this affidavit, which is the only one used on the motion, plaintiff's attorney further states that the correcting of the stipulation, as he desires, would not endanger or affect the judgment rendered by the referee because the referee had told him that such an amendment would not affect or change his determination of the matter before him. Neither does the plaintiff's attorney, in his affidavit or in any other way, on this motion claim that the statement which he desires stricken from the stipulation is untrue or incorrect. There is nothing in this record from which we can ascertain whether or not such statement in the stipulation has any material bearing upon the issues between the parties; whether, if left in, it would or would not prejudice the plaintiff's case on appeal, or whether it should have any effect whatever upon the decision of the case by the referee. Very clearly, the court at Special Term, from the record before it, could not conclude that the plaintiff had, in any manner, been injured by such statement, even though it were given the effect that the defendant now claims for it, and even though the court were convinced that the plaintiff intended no more by the stipulation than he now claims. Under such circumstances, no sufficient or proper grounds were shown for vacating the judgment rendered by the referee, and the order which does so must be reversed, All concurred. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to renew motion at Special Term.