PEOPLE ex rel. COLLINS v. AHEARN, Borough President.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. MANDAMUS—PROCEEDINGS—ALTERNATIVE WRIT.

A petition for a writ of mandamus to compel a borough president to reinstate a person excluded from the position of head of the bureau of highways contained extracts from the budget, in which there appeared, under the head "President of the Borough of Manhattan," "Bureau of Highways" and other bureaus, with a gross item for salaries. *Held*, that the allusion to the bureaus for the mere purpose of identification was not a ratification of the creation of the bureau, and was no warrant for inserting in the alternative writ the allegation that the board of aldermen duly ratified the act of the president of the borough in creating the bureau.

2. SAME.

The incorporation in an alternative writ of mandamus of a paragraph containing an allegation of fact not included in the petition amounts to the institution of a new proceeding, and should be stricken out.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 326.]

3. SAME—LIMITATIONS AND LACHES.

Mandamus proceedings to reinstate a person removed from a public office must be brought within four months, in analogy to certiorari proceedings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 284, 285.]

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of James G. Collins, against John F. Ahearn, as president of the borough of Manhattan, city of New York. From an order denying a motion to strike out a paragraph of the writ, defendant appeals. Reversed.

See 100 N. Y. Supp. 716.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

William B. Growell, Theodore Connoly, and William B. Ellison, Corp. Counsel, for appellant.

John W. Browne, for respondent.

CLARKE, J. On the 1st day of January, 1904, the relator was removed from the position of superintendent of highways in the office of the president of the borough of Manhattan, and George F. Scannell appointed to said position. On the 21st day of January, 1904, the relator verified a petition for the purpose of obtaining the issuance of a peremptory writ of mandamus commanding the borough president to restore and reinstate the deponent to the position and bureau from which he had been excluded. This petition alleged that on or about the 1st day of January, 1902, Jacob A. Canter, as president of the borough, by virtue of his office and the powers and authority conferred upon him by law, duly created and established in said borough of Manhattan the bureau of highways, and duly appointed and designated the petitioner as the head of said bureau at a salary of $4,000 per annum, which salary was subsequently increased to $5,000 per annum; that the deponent at all the times herein mentioned was, and now is, the head of said bureau of highways, and the only person lawfully entitled to said position, deponent having never been legally removed therefrom; that by virtue of the provisions of section 1543 of the Greater New York charter (Laws 1901, p. 636), he could not be removed from said position until he had been allowed an opportunity of making an explanation, and the true ground for his removal entered upon the records of the department or bureau or borough president; that on or about the 1st of January, 1904, the defendant unlawfully issued a paper to one George F. Scannell, purporting to designate said Scannell to said position; and that deponent has been excluded from the office, never allowed to make an explanation, and never served with any charges or complaint—and praying for a reinstatement.

In People ex rel. Michaels v. Ahearn (decided in the March term, 1906) 111 App. Div. 741, 98 N. Y. Supp. 492, where Michaels undertook to be reinstated by mandamus, claiming that he was the head of the bureau of sewers in the office of the borough president, Mr. Justice Ingraham pointed out that the relator's right to reinstatement must depend upon his holding the position of a head of a bureau within section 1543 of the charter, and that the only bureau provided for in the charter in the office of the borough president was the bureau of buildings; that there was no power lodged in the borough president to create a bureau; and that the alternative writ did not allege that there had ever been created in the office of the borough president, either by the board of aldermen or by any other lawful authority, a bureau of sewers. He said:

"To entitle the relator to the protection of this provision, it is necessary that he should allege that he was at the head of a bureau created by the charter, or by an official who was given by the charter authority to create bureaus."

The demurrer to the alternative writ was sustained. To meet that exposition of the law, this relator procured to be put into the alternative writ allowed on the 12th day of November, 1906, the allegation:

"That the board of aldermen duly ratified, approved, and confirmed the act of said president of the borough in creating the said bureau of highways and appointing the said James C. Collins, the relator herein, as the head of said bureau."

That allegation was not contained in the affidavit applying for the issuance of the writ. It was offered for the first time some 17 months after the original affidavit was verified. Thereupon the appellant moved to strike out the allegation as new matter not contained in the moving papers. The relator undertakes to justify that allegation by asserting that there were attached to the original papers certain extracts from the budget, in which there appeared, under the head "President of the Borough of Manhattan," "Bureau of Highways" and other bureaus, with a gross item for salaries, and argues that, inasmuch as the budget was made up in this manner, this was an establishment of the bureau of highways by the duly authorized authority, which Mr. Justice Ingraham pointed out was the legislative body in whom was vested, by the amended charter of 1901, the power to create bureaus theretofore conferred upon the head of the department of highways. This is an assumption for which we find no authority. In dealing with the budget, the matters considered are financial, not legislative. As it has been held that the inclusion of salary items in the budget is not a fixing of an individual's salary (Lyons v. City of New York, 82 App. Div. 366, 81 N. Y. Supp. 1079), so the allusion to these bureaus for the mere purpose of identification is not the creation of the bureau of the kind meant by the law, fixing and defining the status of the head thereof. They are in the same category as the bureau in the fire department considered in People ex rel. Emory v. Board of Fire Commissioners, 86 N. Y. 149, cited as authority in the Michaels Case, supra

I therefore conclude that the exhibits attached to the original affidavit contain no warrant for the claim that the paragraph here complained of was as matter of fact included in such moving papers, and that therefore the making of an independent allegation of fact of such an important character is in effect the institution of a new proceeding. Its insertion in the writ, without support by proof, 18 months after the removal of relator, was not only unauthorized but was too late. It has been held that 4 months is the statutory period within which a mandamus proceeding can be brought, by analogy to certiorari proceedings. People ex rel. Miller v. Justices, 78 Hun, 334, 29 N. Y. Supp. 157; People ex rel. Young v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698. It follows that this allegation should be stricken out. "The Code of Civil Procedure contemplates the issuance of a writ of mandamus, whether it be peremptory or alternative, only upon affidavits or other written proofs showing a proper case therefor. Code Civ. Proc. §§ 2067, 2070." People ex rel. Bourke v. Grout, 107 App. Div. 228, 94 N. Y. Supp. 1101.

Therefore the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, and an extension of time granted to appellant to answer the alternative writ thus amended, move, or demur, of 20 days after service of notice of the entry of the order to be entered herein. All concur.