PEOPLE ex rel. WEISS v. PHILIP BERNSTEIN SICK & BENEFIT SOCIETY.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

1. JUDGMENT (§ 585*)—MERGER AND BAR—MATTERS CONCLUDED—IDENTITY OF SUBJECT-MATTER.

Where a member of a benefit society had been suspended from attending meetings but not otherwise deprived of his rights as member, the refusal of mandamus to compel his reinstatement from such suspension does not bar an application to compel his reinstatement from a subsequent complete expulsion from the society.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. § 585.*]

2. BENEFICIAL ASSOCIATIONS (§ 12*)—EXPULSION OF MEMBERS—RESORT TO COURTS—CONDITION PRECEDENT.

A by-law giving a member of a benefit society the right to appeal to a meeting thereof from any decision of the society does not apply to an expulsion for nonpayment of dues which results without any formal action

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the society, and the pursuit of such remedy is not a condition precedent to mandamus to review the expulsion.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. § 21; Dec. Dig. § 12.*]

3. JUDGMENT (§ 565*)—MERGER AND BAR—DISMISSAL WITHOUT PREJUDICE.

Where the Trial Term, through an oversight, tried only a part of the issues of fact in mandamus proceedings, and the Special Term for that reason directed that the proceeding be dismissed without prejudice, the dismissal was not a bar to a subsequent application for the same relief.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1018; Dec. Dig. § 565.*]

4. MANDAMUS (§ 143*)—LACHES.

While the court, in exercising its discretion to grant mandamus to compel reinstatement in the public service, will not ordinarily grant it without four months, by analogy to the statutory limitation for certiorari, that rule does not apply to an application to compel the payment of money, in which case the right may be granted within the time limited for the commencement of an action to recover the money.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 282–285; Dec. Dig. § 143.*]

5. MANDAMUS (§ 160*)—APPLICATION—SUFFICIENCY.

An application for mandamus to compel reinstatement after expulsion from a benefit society for nonpayment of dues, which alleged that the dues were tendered before and when they became due but were refused because they were not accompanied by an additional sum for picnic tickets, which were not authorized by the constitution or the by-laws of the association, and that the applicant had no notice of a meeting at which such tickets were authorized and had never received any tickets, presents a prima facie case of illegal expulsion, even though the allegations are denied, and an alternative writ should issue.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 326–335; Dec. Dig. § 160.*]

Appeal from Special Term, New York County.

Application by the People, on the relation of Isidor Weiss, for mandamus against the Philip Bernstein Sick & Benefit Society. From an order granting an alternative writ, the defendant appeals. Affirmed.

See, also, 145 N. Y. Supp. 1141.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Joseph P. Segal, of New York City, for appellant.
Benjamin Berger, of New York City, for respondent.

LAUGHLIN, J. The respondent is a domestic membership corporation, consisting of more than seven members, having been incorporated on or about the 12th day of November, 1893. The moving papers show that the relator has been a member of the society for more than nine years; that on the 8th day of July, 1912, he was expelled on the ground that he had failed to pay his dues; that, pursuant to the constitution and by-laws as they existed at the times in question, each member was required to pay quarterly dues of $3, and the last day for the payment of his current dues was June 24, 1912, and the time when, by virtue of the constitution and by-laws, a member might be expelled for nonpayment of those dues was the 8th of July,

1912; that on or about the 20th day of May, 1912, he received a notice from the society calling for the payment of his said quarterly dues of $3 and $2 for "picnic tickets"; and that on or about that day he caused to be tendered to the financial secretary of the society, who was authorized by the constitution and by-laws to receive dues, the amount of his dues in cash, and again at the meeting of the society on the 8th day of July, 1912, before his expulsion, he caused the amount of his dues, together with 12 cents in addition for the cost of notice to him by registered mail, to be tendered to said secretary, and the tender was refused on the ground that the amount was insufficient and that he should have tendered $2 more for picnic tickets; that there was no provision of the constitution or by-laws authorizing the assessment on members for picnic tickets; that he had no notice of any meeting of the society at which action was taken purporting to authorize the same, nor did he receive any picnic tickets for which the $2 was charged; and that the members of the respondent society are entitled to financial aid in a fixed amount in case of illness; and that it pays a fixed endowment on the death of a member.

[1] It appears by the papers read in opposition to the motion that pursuant to charges of misconduct filed against the relator on the 13th day of November, 1911, he was suspended from attending meetings of the organization for the period of three years, but not otherwise deprived of the benefits of his membership in the organization; and that an application for a writ of mandamus to compel his reinstatement on account of such suspension was refused on the 6th day of May, 1912. Manifestly that is no bar to this proceeding, which is for restoration from the complete expulsion under which all his rights as a member would be forfeited. If he should succeed in this proceeding, his reinstatement would be subject to the suspension which is not sought to be reviewed.

[2] The claim is also made that he had a complete remedy within the society, which he did not invoke. This is based upon a by-law, which reads as follows:

"That when a member is against the decision of the society and desires to appeal he must so announce at the same meeting, and at the next meeting file a written appeal which the president shall cause to be read before the meeting, and if the majority are of the opinion that an injustice was done to the member, or that the decision is contrary to the constitution the matter shall be taken up de novo."

I am of opinion that that by-law is not applicable to an expulsion for nonpayment of dues, which under the constitution results from the nonpayment of such dues without a formal vote of the society.

[3] It is further claimed that this proceeding is barred by a former proceeding for a writ of mandamus for the same relief. The relator applied for a writ of mandamus on the 23d day of August, 1912, and an alternative writ was issued thereon October 8, 1912, and the respondent filed a return thereto. The matter came on for a hearing in Trial Term part 2, on the 3d day of February, 1913; and through an oversight only part of the issues of fact were tried. When application was made to the Special Term on the findings made on the trial before the court and jury, and it was brought to the attention of the

court that the issues of fact had not all been determined, the court, instead of ordering the proceeding back to the Trial Term as it might have done, and as we think would have been the better practice, directed that the proceeding be dismissed "without prejudice," and a formal order to that effect was entered on the 12th day of May, 1913. This proceeding was not instituted until the 14th day of October, 1913. The first proceeding was not decided upon the merits, and is no bar to the relief now sought.

[4] It is finally claimed that the relator is guilty of laches in not having promptly renewed his application after the termination of the former proceeding. In applications for reinstatement in the public service, where if the relief be granted the public will sustain a financial loss incident to the payment of salary for which no services were rendered, or for services for which compensation has been paid to another, the courts, having discretion to grant or refuse relief by mandamus, by analogy to the statutory rule of limitation with respect to instituting a certiorari proceeding, refuse to grant relief by mandamus after the lapse of four months, unless the delay has been satisfactorily explained. People ex rel. Gaslight Co. v. Common Council, 78 N. Y. 56; People ex rel. Miller v. Justices, etc., 78 Hun, 334, 29 N. Y. Supp. 157; People ex rel. Collins v. Ahern, 120 App. Div. 95, 104 N. Y. Supp. 860; People ex rel. McDonald v. Lantry, 48 App. Div. 131, 62 N. Y. Supp. 630; People ex rel. Young v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698. But, where the application for a mandamus is to compel the payment of salary or money, this rule has not been strictly applied, but the writ may be granted if in the discretion of the court the facts justify the application within the time limited for the commencement of an action to recover the money. People ex rel. Byrne v. French, 12 Abb. N. C. 156; People ex rel. Sheridan v. French, 31 Hun, 617; People ex rel. Millard v. Chapin, 104 N. Y. 96, 10 N. E. 141; People ex rel. Gaslight Co. v. Common Council, supra.

[5] The relator presents a prima facie case of illegal removal for nonpayment of dues duly tendered. It appears presumptively that he was under no legal obligation to pay for the picnic tickets, and that he could not lawfully be assessed therefor or expelled for the nonpayment thereof, as for the nonpayment of an assessment. These matters having been put in issue but not conclusively met by the answering affidavit, a proper case is presented for an alternative writ.

It follows therefore that the order should be affirmed, with $10 costs and disbursements. All concur.