NEW YORK CONSOLIDATED RAILROAD COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, December 22, 1922.

Pleadings — action to recover portion of cost of work on Brooklyn bridge terminals under contract with bridge commissioner — answer interposed denials and defense of illegality — motion by plaintiff under Civil Practice Act, § 277, for judgment on pleadings — not error to grant motion as to defenses — defenses were insufficient in law — granting motion did not deprive defendant of opportunity to move to amend defenses under Civil Practice Act, § 283 — motion should not have been granted as to certain denials on information and belief though same may be amenable to motion to strike out as sham under Rules of Civil Practice, rule 103, or for summary judgment under rule 113.

The court has power on motion by the plaintiff for judgment on the pleadings under section 277 of the Civil Practice Act to grant the motion as to the defenses interposed and to deny the motion as to issues raised by denials in the answer.

In an action to recover from the city of New York the amount which the bridge commissioner agreed to pay as the city's share for certain construction work on the terminals of the New York and Brooklyn bridge in which the defenses interposed were that the contract was *ultra vires*, that it was not let by public bidding, and that there was no appropriation for the improvement, it was properly held that the defenses were insufficient in law and that the plaintiff was entitled to judgment on the pleadings as to those defenses.

The defendant was not deprived of the opportunity to amend its defenses by the action of the court since, under section 283 of the Civil Practice Act, the power of permitting amendments is preserved and if there was some valid amendment possible of the defenses the defendant should have applied for leave to make the same.

The court should not have granted the judgment as to the denial upon information and belief of the alleged contracts under which the work was done, for that denial is sufficient upon the motion for judgment however amenable it would be to a motion to strike out as sham under rule 103 of the Rules of Civil Practice or for summary judgment on affidavit under rule 113.

APPEAL by the defendant, The City of New York, from so much of an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 29th day of May, 1922, as grants, in part, plaintiff's motion for judgment on the pleadings consisting of a complaint and an answer.

*Alexander I. Hahn* [*John P. O'Brien, Corporation Counsel*, with him on the brief], for the appellant.

*Charles L. Woody* [*John Boland* and *George D. Yeomans* with him on the brief], for the respondent.

**172** NEW YORK CONSOLIDATED R. R. CO. *v.* CITY OF NEW YORK.

Second Department, December, 1922. [Vol. 204

PER CURIAM:

The action was brought to recover the balance of the cost of certain construction work done by one of plaintiff's predecessor companies upon the terminals of the New York and Brooklyn bridge. The complaint alleged that the work was done under a contract entered into by the bridge commissioner. It provided that said predecessor of the plaintiff was to contribute $110,000 towards the cost, and that the defendant was to pay the balance. This balance is alleged as $55,086.33. The answer denied knowledge or information sufficient to form a belief as to certain allegations; others it denied upon information and belief, and others were admitted by failure to deny. Three separate defenses were also set up: *First,* that the contract, if made, was *ultra vires; second,* that it was illegal, because the sum involved was in excess of $1,000 and it ought, therefore, be let by public bidding, and, *third,* that it was illegal because there was no appropriation for the improvement. The issue was joined several years ago, but no action was taken thereon until the present motion.

The motion was that plaintiff have judgment on the pleadings, and that in the event that judgment was not granted for the full amount, the court determine what issues should be tried.

The Special Term was of the opinion that the defenses were not sufficient in law, but that there was an issue, by the denial, upon information and belief, of the reasonable amount and value of the work, and granted the motion for judgment except as to that issue.

The first and principal point of the appellant urges that there is no authority for this practice, complaining that what the court has done was to state the issues, and depriving it of the opportunity of proving the defenses or of amending, if advisable. This contention proceeds upon a misconception of what has, in substance and effect, been done in the case, at least in respect to the disposition of the defenses. Demurrers, under which the sufficiency of the defenses would be tested under the old practice, resulting in an interlocutory judgment, are now abolished, and an objection to a pleading, in point of law, is to be taken by motion for judgment, under section 277 of the Civil Practice Act. The interlocutory judgment, however, is in effect retained by sections 472 and 476. The motion made in this case brought up the question of the sufficiency of the defenses, and they were correctly held insufficient. The defenses all rested upon the proposition that the authority of the bridge commissioner was limited by the provisions of the Greater New York charter and are all answered by the logic of *Schinzel* v. *Best* (45 Misc. Rep. 455; affd., 109 App. Div. 917);

*City of New York* v. *Brooklyn City R. R. Co.* (232 N. Y. 463); *Hearst* v. *Berri* (24 App. Div. 74) and *Knowles* v. *City of New York* (176 N. Y. 430). The doctrine of these cases, generally, and of *City of New York* v. *Brooklyn City R. R. Co.* (*supra*) especially, is that the commissioner derives his power and authority from the statutes defining his office, unlimited by the provisions of general statutes. The defenses being held insufficient, the order entered was practically a direction for judgment, unless the defendant succeeded on the issue left to be tried. It was no different from the order for interlocutory judgment, on demurrer to defenses, which would have been made under the old practice. (*Murphy* v. *Allerton,* 7 Hun, 650; *Biershenk* v. *Stokes,* 46 N. Y. St. Repr. 179.)

As to defendant's claim that it has been deprived of the opportunity to amend, it is overlooked that under section 283 of the Civil Practice Act, the power of permitting amendments is preserved, and if there was some valid amendment possible of the defenses, the defendant should have applied for leave therefor.

But the order appealed from calls for modification, in so far as it deals with the denials in the answer. Here there is some room for technical correction. While the denials to paragraphs 9, 10, 12, 13, 14 and 15 are clearly frivolous under the rule of *Rochkind* v. *Perlman* (123 App. Div. 808) and *Bloch* v. *Bloch* (131 id. 860), the denials upon information and belief of paragraphs 16 and 17, which allege the contracts under which the work was done and annex copies, may not be held frivolous. These denials, together with the denial of paragraph 19, of the value of the work done, are sufficient upon this motion for judgment, however amenable they would be to a motion to strike out as sham, under rule 103 of the Rules of Civil Practice, or for summary judgment on affidavit, under rule 113 of the Rules of Civil Practice. The denial part of the answer thus being sufficient to put in issue material averments of the complaint, the order should have, in that respect, denied the motion.

The order should be modified in accordance with this opinion, and as thus modified affirmed, without costs.

BLACKMAR, P. J., JAYCOX, MANNING, KELBY and YOUNG, JJ., concur.

Order modified in accordance with opinion, and as so modified affirmed, without costs. Settle order on notice.