In the Matter of the Application of JOSEPH M. KANDEL, Appellant, for an Order of Mandamus against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, and FREDERICK W. PARSONS, Commissioner of Mental Hygiene of the State of New York, Respondents.   (No. 2.)

In the Matter of the Application of JOSEPH M. KANDEL, Appellant, for an Order of Certiorari against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, and FREDERICK W. PARSONS, Commissioner of Mental Hygiene of the State of New York, Respondents.

Third Department, November 18, 1932.

*Weissberger & Leichter* [*M. M. Leichter* and *John L. Ketcham* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*John A. Behan* of counsel], for the respondents.

VAN KIRK, P. J. The petitioner appellant contends that he met all lawful requirements and, his bid being the lowest, the act of the respondents in rejecting it was arbitrary and unlawful.

The duties of the respondents are statutory. Section 14 of the Public Buildings Law (added by Laws of 1914, chap. 111, as amd. by Laws of 1928, chap. 757) contains the following: "All contracts in excess of five hundred dollars must be let by public bidding to the lowest reputable and reliable bidder." Necessarily, before a bid is accepted and the contract awarded, it must be determined by somebody that the bidder is reputable and reliable. In this case this duty devolves upon the respondents. The accepting or rejecting of bids offers opportunity for unfair discrimination between bidders; also for awarding contracts to bidders who, because of

inexperience or incompetence, may cause serious loss and damage to the State. It cannot be assumed that officers, on whom such a responsibility is imposed, would willfully or for intentionally wrongful purposes violate their duties. It is contemplated that they may make rules and regulations in aid of performance of their duties. In section 14 of the Public Buildings Law is this: " The State may reject any bids which do not conform to rules and regulations and may reject all bids and again advertise for bids in the manner herein provided, if the interests of the State will be promoted thereby." Section 49-a of the State Finance Law (added as § 50 by Laws of 1921, chap. 469; renum. by Laws of 1925, chap. 611, as amd. by Laws of 1926, chap. 689) provides: " Every officer, * * * charged with the duty of preparing specifications or awarding or entering into contracts for the erection, construction or alteration of buildings for the State, when the entire cost of such work shall exceed twenty-five thousand dollars, must have prepared separate specifications for each of the following branches of work to be performed:

" 1. Plumbing and gas fitting.

" 2. Steam heating, hot water and ventilating apparatus.

" 3. Electric wiring and standard illuminating fixtures. * * *

" All contracts hereafter awarded by the State or a department, board, commissioner or officer thereof, for the erection, construction or alteration of buildings or any part thereof, shall award the respective work specified in the above subdivisions separately to responsible and reliable persons, firms, or corporations."

The contract here is (under item 2) for heating. In the present instance the Superintendent of Public Works promulgated the following qualifications of bidders, among others: " 4. In addition to the financial qualifications bidder must prove to the satisfaction of the Superintendent of Public Works that he has successfully completed a contract for similar work in an amount of not less than 50% of the amount of the proposed contract.

" 5. The Superintendent of Public Works shall be the sole judge of the merits of the qualifications submitted and may make such investigations of same as he deems proper."

The contests in the three proceedings set forth in the record are between identical parties and upon identical issues.

There is no appeal from the order in Mandamus No. 1. It stands, therefore, as the law in these proceedings. So far as issues were decided, that order is final. It directed the Superintendent of Public Works and the Commissioner of Mental Hygiene to consider petitioner's bid as " a subsisting bid " and to " do and per-

form the things and acts concerning said bid as are in the premises required of you by law." As we understand this order, the court did not hold that experience in the kind of work to be performed is not an element to be considered in determining whether the bidder is a " responsible and reliable " bidder, but that the rule 4 (hereinabove set forth), requiring every bidder to have performed contracts involving the identical work proposed fifty per cent of the size of the proposed contract, cannot be the sole test of reliability and is arbitrary. If this be the right understanding, it was left to the respondents to determine whether the petitioner was a responsible and reliable bidder.

Responsibility and reliability are to be determined by the respondents. It is for a bidder to show that he is responsible and reliable for a proposed job.

After the order in Mandamus No. 1 additional information was presented to the respondents. They reconsidered the qualifications of petitioner and again rejected the bid, stating their grounds in these words: " We * * * have investigated the previous heating work which you informed us in writing you had done. From the nature of this work and its small amount plus the fact that you have done (according to the information you furnish us) no heating work for five years past, we have concluded in the exercise of our honest judgment as State officials that you are not ' the lowest reputable and reliable bidder.' " This discloses that respondents applied the test of experience. A bid may well be rejected because of the lack of experience of the bidder. Without experience on the part of a bidder, many hazards threaten both the bidder and the State; hazards which the Superintendent and the Commissioner are not bound to permit or to assume on behalf of the State. We are not able to say on this record that the present determination is arbitrary or capricious.

The Special Term has denied the order in Mandamus No. 2, because of laches. Notice of this determination was received by the appellant on October 7, 1931. No action in any· form was taken by him until the middle of January, 1932, when the present proceedings were commenced. The matter is before us at the September term, 1932, and cannot be decided until the November term. Meantime the successful bidder, apparently in good faith, has been performing the contract. The Attorney-General states in his brief that the contract has been approximately seventy-five per cent performed. If the contract is in the usual form, some eighty per cent or eighty-five per cent of the contract price has been paid as the work progressed and was accepted. It is not suggested that the successful bidder who has been performing is

at fault; yet, if the contract was unlawfully let, it is void and he cannot recover for his work  (*People ex rel. Coughlin* v. *Gleason,* 121 N. Y. 631, 634; *People* v. *Journal Co.,* 213 id. 1, 8; *McDonald* v. *Mayor,* 68 id. 23, 28; *Dickinson* v. *City of Poughkeepsie,* 75 id. 65, 74.)   Also this petitioner cannot perform a contract already performed.

The petitioner urges that laches may not be imputed to the State. But here the State is not a party.   We have no writ; there is no relator and the People are not the plaintiffs.   The petitioner is the real and actively interested prosecutor in the proceedings.   These facts distinguish most of the cases on this question of laches cited in petitioner's brief.   The motive in the present proceedings is not the enforcement of a law in which the People are chiefly interested and where individual right is out of the case.   Here individual right is being asserted, but the rights of the State and of the successful bidder are to be considered.   Though it is not for us now to determine the respective rights of the parties, should the contract be declared void, still it is apparent that there would be seed sown which could mature into expensive litigation; that there would result loss of money and delay in the completion of a much needed institution and serious injury to the successful bidder who has in good faith nearly completed his contract.

In our view the facts in the case justify the application of the rule of laches.   (*People ex rel. Gas-Light Co.* v. *Common Council,* 78 N. Y. 56, 63; *People ex rel. Weiss* v. *Bernstein S. & B. Society,* 161 App. Div. 823; *People ex rel. Shea* v. *Bryant,* 28 id. 480, 484.) We find no sufficient reason for interfering with the decision of the Special Term in Mandamus No. 2.

The Special Term has denied the certiorari order because not the proper remedy.   " Official acts, executive, legislative, administrative or ministerial in their nature or character, were never subject to review by certiorari.   The writ could be issued only for the purpose of reviewing some judicial act."   (*People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44, 47.)   In the provisions of the statutes providing for regulating the accepting of bids on public contracts and the awarding of contracts there is no provision for a trial or for the taking of sworn testimony of witnesses; no evidence need be taken and the bidder is not entitled to a notice of any hearing.   We think the ruling of the court was right.   (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. R. & J. Co.* v. *Wiggins,* 199 id. 382.)   In the *Schau* case it is pointed out that *People ex rel. Steward* v. *Railroad Commissioners* (160 N. Y. 202) represents the extreme limit to which the courts have extended the right to review by certiorari acts of subordinate officers.   It was there held that

the proceeding was invested with a judicial character because " the commissioners were authorized and required to take evidence and all the parties interested were entitled to notice and a hearing." (*Wiggins Case, supra*, p. 387.) In the *Wiggins* case *People ex rel. Sims* v. *Collier* (175 N. Y. 196) was disapproved.

The orders should be affirmed, with costs in one proceeding.

HINMAN, HILL, RHODES and CRAPSER, JJ., concur.

Orders affirmed, with costs in one proceeding.