T. Paul Kane, J.
Petitioner, a member of a joint adventure, is an unsuccessful bidder for a contract for electrical work at the Albany South Mall Project, Albany, New York (hereinafter called the ‘‘ South Mall Project ”). In this proceeding pursuant to article 78 of the CPLR, it seeks to permanently restrain respondents from entering into a contract for the electrical work in question and to require the award of the contract to petitioner and its associates. It is the petitioner’s contention that since the respondent Fehlhaber Corp., a member of the joint adventure that was the successful bidder, is not a licensed electrician and has not been engaged in electrical work, the determination heretofore made is in violation with the provisions of section 135 of the State Finance Law which reads as follows:
“ § 135. Separate specifications for contract work for the state. Every officer, board, department, commission or commissions, charged with the duty of preparing specifications or awarding or entering into contracts for the erection, construction or alteration of buildings, for the state, when- the entire cost of such work shall exceed fifty thousand dollars, must have prepared separate specifications for each of the following three subdivisions of the work to be performed:
‘ ‘ 1. Plumbing and gas fitting.
‘ ‘ 2. Steam heating, hot water heating, ventilating and air conditioning apparatus.
‘ ‘ 3. Electric wiring and standard illuminating fixtures.
‘ ‘ Such specifications must be so drawn as to permit separate and independent bidding upon each of the above three subdivisions of work. All contracts hereafter awarded by the state or a department, board, commissioner or officer thereof, for the erection, construction or alteration of buildings, or any part thereof, shall award the three subdivisions of the above specified work separately to responsible and reliable persons, firms or corporations engaged in these classes of work. A contract for one or more buildings in any project shall be awarded to the lowest responsible bidder for all the buildings included in the specifications.
“Nothing in this section shall be construed to prevent the authorities in charge of any state building, from performing any such branches of work by or through their regular employees, or in the case of the public institutions, by the inmates thereof.” (As amd. by L. 1961, ch. 292, eff. April 3, 1961.) (Emphasis supplied.)
Petitioner raises a further question with regard to qualifications required for the successful bidders set forth in the *977 specifications relating to the dollar amount of prior similar work completed. Respondents ’ Forest Electric Corp. and Fehlhaber Corp. answering affidavit successfully meets this objection by a list of prior completed contracts far in excess of the requirement set forth in the afore-mentioned specifications.
It would appear that section 135 of the State Finance Law providing for individual bids in three separate subdivisions of work to be performed exists to insure some form of expertise in these areas of construction, rather than having all bids made by general contractors who would subcontract these various classes of work in their own discretion and at a potential hazard to the State, and by this process eliminate many competent specialty contractors and bidders in these separate categories from direct participation in the examination of specifications and the ultimate performance of the work. The State, and thus the people, would incur any ultimate loss. The reasons for this statutory provision are sound and in the best interest of the State. The question therefore presents itself whether the formation of a joint adventure by these respondent contractors violates section 135 of the State Finance Law.
In this court’s opinion it does not. Each situation must be appraised separately and no set policy could be advanced to cover every situation. The difference in bids is substantial and thus the savings to the people are substantial. Fehlhaber Corp. is present on the scene at the South Mall Project and aware of many of the problems and pitfalls in an undertaking of the magnitude of the one in question. The very size of the project and the amounts of the bids limit to a considerable degree those able to submit bids in their various fields. All these considerations are present and were obviously considered by the respondent Office of General Services in making its determination in the performance of its statutory duty. (Matter of Kandel v. Greene, 236 App. Div. 607.)
A joint adventure is a special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation. The rights and obligations of the members to each other are in many respects similar to a partnership. (32 1ST. Y. Jur., Joint Adventures, §§ 1, 3.) In respect of their mutual rights and liabilities, each joint adventurer is both principal for himself and agent for his associates, within the scope of the enterprise. (48 C. J. S., Joint Adventures, § 5, subd. c.)
By the formation of the joint adventure herein, the respective property, interests, skills and risk for each member in this particular purpose have become as one and the commingled prop *978 erty and interests of the parties are subject to each other for their joint benefit. Thus the qualifications of Forest Electric Corp. and the assets of Fehlhaber Corp. are merged in this specific enterprise. (See Hasday v. Barocas, 10 Misc 2d 22, 28.)
Petitioner’s standing to bring this proceeding is challenged by the corporate respondents and the State. Petitioner while instituting this action in its name alone is in effect acting on behalf of the joint adventure that submitted the bid in this matter, or at least it is so construed by the court. The legal objection raised by the State as to standing is of more substance. Since there is no adequate avenue open to the petitioner that will be determinative of the rights involved herein, it would seem that review at this time would be appropriate, due to the pending contractual obligations soon to be incurred. The record is full and complete on the issue presented and the matter is thus one where the court will permit review on a case-by-case basis. (See 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7801.07, 7801.09.)
For the reasons stated herein the prayer for relief contained in the petition is in all respects denied and the petition is dismissed.