■ In the Matter of NAGER ELECTRIC Co., INC., Appellant, v. OFFICE OF GENERAL SERVICES OF THE STATE OF NEW YORK et al., Respondents.— AULISI, J. Appeal from a judgment of the Supreme Court at Special Term (opinion 56 Misc 2d 975), entered January 2, 1968, in Albany County, in a proceeding under CPLR article 78 which dismissed the petition for an order permanently restraining the respondent Office of General Services and respondent Levitt, as Comptroller and as head of the Department of Audit and Control, from entering into a contract with respondents Forest Electric Corp. and Fehlhaber Corp. for the performance of certain electrical work and directing that said

contract be awarded to petitioner and its joint venturers pursuant to their bid. This appeal arises out of an advertisement for bids for the electrical work on the Main Platform, Health Department Laboratories and Meeting Center Super-structures at the Albany South Mall Project, Specification No. 20169-E. Petitioner, one of three joint venturers submitting an unsuccessful bid, challenges the proposed award of the contract to the lowest bidder, a joint venture composed of respondents Fehlhaber Corp. and Forest Electric Corp. Respondent Fehlhaber Corp. is a concern primarily engaged in heavy construction work while respondent Forest Electric Corp. is an experienced licensed electrical contracting firm. Under their joint venture agreement, Forest Electric will furnish and install the necessary electrical equipment and apparatus and Fehlhaber Corp. will supervise the administration and financing of the project. It is petitioner's contention that since Fehlhaber Corp. is neither licensed nor engaged in electrical work, the proposed award of the contract to respondent joint venturers would contravene section 135 of the State Finance Law, which provides in pertinent part: " Every officer, board, department, commission or commissions, charged with the duty of preparing specifications or awarding or entering into contracts for the erection, construction or alteration of buildings, for the state, when the entire cost of such work shall exceed fifty thousand dollars, must have prepared separate specifications for each of the following three subdivisions of the work to be performed: * * * 3. Electric wiring and standard illuminating fixtures. Such specifications must be so drawn as to permit separate and independent bidding upon each of the above three subdivisions of work. All contracts hereafter awarded by the state or a department, board, commissioner or officer thereof, for the erection, construction or alteration of buildings, or any part thereof, shall award the three subdivisions of the above specified work separately to responsible and reliable persons, firms or corporations engaged in these classes of work." It is our opinion that upon the record before us, petitioner's contention is without merit. No one questions Forest Electric's reliability, its qualifications or ability to perform the required service. Nor does anyone suggest that further subcontracting of the project work is contemplated; to the contrary, the submitted affidavits reveal that all of the contract work will be performed by Forest Electric and that no subcontractors will be engaged. It is also significant that in view of the marked difference between the two lowest bids, an award of the contract to respondent joint venturers will result in substantial savings to the State. Where, as here, the work called for by the contract is to be performed directly and exclusively by a reputable, experienced specialty contractor, through the medium of a joint venture, the fact that the coventurer is not regularly engaged in this particular line of work does not disqualify the joint enterprise. In forming the joint venture herein, respondent corporations have committed their respective skills, qualifications and resources in furtherance of this project and these individual contributions have become merged in and inure to the benefit of the joint association. In none of the petitioner's additional contentions do we find a sufficient reason for disturbing the award of the contract. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ.. concur in memorandum by Aulisi, J.